JOSEPH PURCELL ET AL. *v.* CHARLES I. SLAGLE ET AL.
(3296)

DUPONT, C. J., HULL and BORDEN, Js.

Argued June 4—decision released October 1, 1985

*James A. Fulton,* for the appellants (plaintiffs).
*Matthew J. Forstadt,* for the appellees (defendants).

PER CURIAM. This is an appeal of the plaintiffs from a judgment of dismissal in a summary process action. The case is a procedural bramblebush.

The plaintiffs, owners of a commercial building in Greenwich, leased office space in their building to the defendants under a written lease agreement dated January 11, 1977. On October 1, 1982, the plaintiffs commenced this summary process action against the defendants at the Housing Session of the Superior Court for the judicial district of Stamford-Norwalk, alleging violations of the lease agreement and a failure to pay rent. On October 14, 1982, the defendants filed a request to revise under Practice Book § 147, seeking greater specificity with regard to the allegations made in the complaint. The plaintiffs complied with this request by filing a revised complaint on November 17, 1982.

On November 19, 1982, the defendants filed a second request to revise, asking that the plaintiffs plead their various causes of action in the form of separate counts. On November 23, 1982, the plaintiffs filed a motion for judgment for failure to plead. An objection by the defendants to the motion was filed on November 29, 1982, and their answer, special defenses and counterclaims were filed on December 3, 1982.

On December 7, 1982, the trial court held a hearing at which counsel for both parties were heard on the plaintiffs' motion for default. Pursuant to General Statutes § 47a-26a,[1] the trial court rendered judgment granting possession to the plaintiffs on December 14, 1982, for the failure of the defendants to plead.

---

[1] General Statutes § 47a-26a provides in pertinent part: "If the defendant appears but does not plead within three days after the return day, the complainant may file a motion for judgment for failure to plead . . . . If the defendant fails to plead within three days after receipt of such motion by the clerk, the court shall forthwith enter judgment that the complainant recover possession or occupancy with his costs."

In its written memorandum of decision, the trial court specifically found that the defendants' second request to revise, filed on November 19, was a legal nullity which did not constitute a pleading within the requirements of General Statutes § 47a-26c,[2] because pleadings in a summary process action must advance at least one step within each successive period of three days from the preceding pleading or motion. The trial court also found that the objection filed by the defendants on November 29, 1982, was also a legal nullity on the ground that there is no provision under the rules of practice for the filing of such a pleading. The trial court, in addition, held that the answer, special defenses and counterclaims filed by the defendants on December 3, 1982, did not cure the default in that they were not filed within three days of the motion for judgment, as required by General Statutes § 47a-26c.

On December 17, 1982, the defendants filed an appeal to this court from the judgment of the trial court. Subsequently, the defendants, on March 29, 1983, filed a motion to open judgment pursuant to General Statutes § 52-212a.[3] This motion was denied by the trial court in a written decision dated April 21, 1983, and the denial of that motion was incorporated in their appeal.

On July 1, 1983, the defendants filed a "Motion to Reconsider and/or Reargue Motion to Reopen Default Judgment." In this motion, the defendants argued that they had invested substantial funds in the demised

[2] General Statutes § 47a-26c provides: "All pleadings, including motions, shall advance at least one step within each successive period of three days from the preceding pleading or motion."

[3] General Statutes § 52-212a provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court."

premises and that a similar investment had been the basis for opening a judgment by the same trial court in a related case. These arguments had not been advanced in connection with the defendants' earlier motion to open of March 29, 1983.

On July 19, 1983, the trial court heard oral argument on the "Motion to Reconsider and/or Reargue Motion to Reopen." After this hearing, the trial court, without written opinion, granted the motion and opened the default judgment. This court, on January 6, 1984, sua sponte, dismissed the appeal of the defendants as moot.

Subsequently, a judgment of dismissal was rendered on May 29, 1984, pursuant to Practice Book § 251, for failure of the plaintiffs to prosecute the action with reasonable diligence. On June 6, 1984, the plaintiffs filed this appeal from the judgment of dismissal and the defendants cross appealed from the original judgment of possession for the plaintiffs and from the denial of their motion to open judgment rendered on April 21, 1983. This court dismissed the defendants' cross appeal on January 17, 1985.

On appeal from the judgment of dismissal, the plaintiffs advance several claims of error. Basically, they argue that the trial court lacked jurisdiction to open the default judgment of December 14, 1982, because the defendants' motion to reconsider and reargue their motion to open the default judgment was filed on July 1, 1983, in contravention of General Statutes § 52-212a and Practice Book § 326, and that, therefore, the judgment of dismissal which occurred on May 29, 1984, was a procedural nullity. In the plaintiffs' view, their judgment of possession rendered on December 14, 1982, should be reinstated.

The plaintiffs do not attack the judgment of dismissal rendered pursuant to Practice Book § 251[4] on any grounds related to its propriety per se. There is no claim, for example, that they were, in fact, prosecuting their claim with due diligence or that notice to them of the pendency of the dismissal motion was lacking or insufficient. *Gionfrido* v. *Wharf Realty, Inc.,* 193 Conn. 28, 474 A.2d 787 (1984); *Grunschlag* v. *Ethel Walker School, Inc.,* 190 Conn. 679, 462 A.2d 1 (1983).

A disciplinary judgment of dismissal pursuant to Practice Book § 251 is not an adjudication on the merits. *Milgrim* v. *Deluca,* 195 Conn. 191, 193–95, 487 A.2d 522 (1985); *Pacelli Bros. Transportation, Inc.* v. *Pacelli,* 189 Conn. 401, 411–12, 456 A.2d 325 (1983). In this case, such a dismissal would allow the plaintiffs to reinstitute their action. *Gionfrido* v. *Wharf Realty, Inc.,* supra, 34 n.6. Implicit in a § 251 dismissal is the waiver of all nonjurisdictional defects or prior rulings of the trial court and prevents appeal of any claims of error which preceded the dismissal. See *State* v. *Martin,* 197 Conn. 17, 25, 495 A.2d 1028 (1985); *State* v. *Satti,* 2 Conn. App. 219, 221, 477 A.2d 144 (1984).

The plaintiffs admit, in their brief, that they induced the rendering of the judgment of dismissal in their case. They admittedly did so in order to obtain appellate review of the trial court's opening of their default judgment, which they claim was erroneous because of the lack of subject matter jurisdiction. When a party attempts to appeal an interlocutory ruling of a trial court by "lying in wait" for a subsequent final judgment sufficient for appellate review, the adverse rul-

---

[4] Practice Book § 251, in pertinent part, provides: "If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs. At least two weeks' notice shall be required except in cases appearing on an assignment list for final adjudication."

ing must have precluded him from prevailing on the merits. *State* v. *Southard,* 191 Conn. 506, 512, 467 A.2d 920 (1983); *State* v. *Ross,* 189 Conn. 42, 47–48, 454 A.2d 266 (1983). The plaintiffs' remedy upon that opening was to litigate their case and, if necessary, in the event of an adverse judgment, to claim as error the earlier action of the trial court. *Van Mecklenburg* v. *Pan American World Airways, Inc.,* 196 Conn. 517, 494 A.2d 549 (1985). The plaintiffs could not circumvent an adjudication on the merits by simply waiting for a § 251 dismissal.

There is no error.