LARRY GRIER, JR. *v.* WEST HAVEN
POLICE DEPARTMENT
(4345)

BORDEN, DALY and BIELUCH, Js.

Argued June 10—decision released July 15, 1986

*Daniel V. Presnick,* for the appellant (plaintiff).
*Lewis S. Lerman,* for the appellee (defendant).

PER CURIAM. The plaintiff appeals from the judgment of dismissal of his action pursuant to Practice Book § 251 for failure to prosecute with reasonable diligence. The case began as a small claims action which the plaintiff brought for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983. Upon the defendant's motion, it was transferred to the regular docket, where the plaintiff filed an amended complaint in two counts spelling out in more detail his claims of federal civil rights violations. The defendant moved to strike the entire amended complaint on the ground that it failed to state a cause of action. The trial court, *Hadden, J.,* granted the motion to strike.

Thereafter, instead of moving for judgment in favor of the defendant in order to secure a final judgment for purposes of appellate review of the ruling on the motion to strike, which the plaintiff was entitled to do and which was the proper procedural course; see, e.g., Practice Book § 157; *Breen* v. *Phelps,* 186 Conn. 86, 89, 439 A.2d 1066 (1982); *Stamford Dock & Realty Corporation* v. *Stamford,* 124 Conn. 341, 200 A. 346 (1938); 1 Moller & Horton, Connecticut Practice, Superior Court Civil Rules § 157; the plaintiff permitted the trial court, *Fracasse, J.,* to render judgment dismissing the case pursuant to Practice Book § 251. He now appeals from that judgment of dismissal, seeking only to challenge the ruling on the defendant's motion to strike.

This he cannot do. The disciplinary judgment of dismissal pursuant to Practice Book § 251 was not an adjudication on the merits and would permit the plaintiff to reinstitute his action. Implicit in the dismissal was a waiver of the prior ruling of the court on the motion to strike the complaint. *Purcell* v. *Slagle,* 5 Conn. App. 417, 421, 498 A.2d 144 (1985).

There is no error.