MILLICENT A. HUFF *v.* AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL EMPLOYEES,
LOCAL 884
(4551)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Argued November 5, 1986—decision released February 24, 1987

1

*Michael O. Sheehan,* with whom, on the brief, was *Anita Hodgkiss,* legal intern, for the appellant (plaintiff).

*Barbara J. Collins,* with whom, on the brief, were *J. William Gagne, Jr.,* and *Debra A. Brown,* for the appellee (defendant).

BIELUCH, J. The plaintiff appeals from the trial court's denial of her motion to reinstate a judgment rendered in her favor upon the default of the defendant and from the subsequent dismissal of her action. The basis of the plaintiff's claim on appeal is that the trial court had no jurisdiction to rule upon the defendant's motion to open the default judgment, this motion having been filed more than four months after the default judgment was rendered. We find no error.

The following facts are not in dispute. The plaintiff was an employee of the city of New Haven and a member of the defendant union local. Her employment was terminated on May 5, 1980, for failure to report back to work, as ordered by her employer, after a medical leave of absence. She brought this action against the defendant union in three counts: (1) failure to pursue by arbitration a grievance concerning a promotion; (2) negligent advice causing her termination; and (3) failure to appeal an arbitration award upholding her discharge.

The plaintiff instituted this action on September 25, 1981, by personal service of the writ, summons and complaint upon "DOMINIC LUCENTI, Business Manager of the within named defendant AMERICAN FEDERATION OF STATE, COUNTY and MUNICIPAL EMPLOYEES, LOCAL 884 at 742 Worthington Street in the said town of Kensington." The summons lists the address of the defendant, Local 884, as "365 New Britain Road, Berlin, CT 06037."

The action was returnable on October 27, 1981. On November 9, 1981, the plaintiff filed a motion for default for failure of the defendant to appear in the action.[1] This motion was granted by the court on November 23, 1981. A hearing in damages was subsequently held without notice to the defendant. The defendant alleges that it "received no notice, formal or informal, of either the motion, the entering of the default or the hearing in damages."[2] Default judgment was rendered for the plaintiff on July 16, 1982. Notice of this judgment was sent by the plaintiff to the defendant "in accordance with Connecticut Practice Book § 80."[3] The record indicates that the notice was sent to the defendant at the address listed in the summons, 365 New Britain Road, Berlin, Connecticut, 06037. The defendant first received notice of this judgment from a sheriff in March, 1983, when an execution on the judg-

---

[1] Practice Book § 352 (b) provides in relevant part: "It shall be the responsibility of counsel filing a motion for default for failure to appear to serve the *defaulting party* with a copy of the motion." (Emphasis added.)

The plaintiff's counsel purported to comply with this requirement by certifying "that a copy of the [motion for default for failure to appear] was mailed on 11-4-81 to *all counsel of record.*" (Emphasis added.)

The record does not show to whom and where the necessary notice was sent.

[2] By amendment effective October 1, 1984, Practice Book § 369 now provides that "[t]he clerk shall give notice of entry of a default . . . in the case of a nonappearing defendant, by mailing such notice to the defendant at his last known address. The clerk shall enter on the docket the date when he gives or mails the notice . . . ."

[3] Notice of the default judgment was reportedly mailed to the defendant pursuant to Practice Book § 80, which relates to continuances for further notice of the pendency of an action to absent or nonresident defendants. There was no allegation or claim that the defendant was a nonresident of this state or was absent from its jurisdiction on the institution of this action. Notice of the judgment after default for failure to enter an appearance should properly have been given pursuant to Practice Book § 354.

The record also indicates that pursuant to Practice Book § 80 a second notice of judgment was purportedly sent on October 19, 1982, to the defendant at 609 Farmington Avenue, Hartford, Connecticut, 06105. The defendant also denied maintaining an office at this address.

ment was attempted to be served against the defendant at 609 Farmington Avenue, Hartford.

On June 23, 1983, more than eleven months following the rendering of judgment, the defendant filed a motion to open the judgment. The defendant alleged that it "failed to appear for the reason that there was no notice of the trial as all documents were sent to the wrong address." The accompanying statements of the president and secretary of the defendant, purporting to be "affidavits," were not given under oath and were, therefore, legally ineffective for the purpose intended. See General Statutes § 52-212 (b); Practice Book § 377. This motion of the defendant to open the default judgment was denied by the court on July 6, 1983.

The defendant on August 4, 1983, moved to reargue its motion to open the judgment. This time the motion was supported by the affidavit of Dominick A. Lucenti, who stated: that he was the deputy director of the American Federation of State, County and Municipal Employees (AFSCME), Council 4, a statewide organization whose address was 742 Worthington Ridge, Kensington, and its staff representative for Local 884; that he was neither an employee nor an agent for service of Local 884, whose address was P.O. Box 861, New Haven; that 365 New Britain Road, Berlin, was the address of the Connecticut State Employees Organizing Committee, an arm of the AFSCME International Union; and that each union local is autonomous with its own agent for service of process.

The motion for reargument was granted and the default judgment was opened on January 11, 1984. Thereafter, the defendant's subsequent motion for dismissal on the ground that the court lacked personal jurisdiction of the defendant for insufficient service of process was denied by the court.

After the pleadings were closed and issues joined, the case was assigned for trial on January 21, 1985. On that day, the parties reported that the action had been settled. When the matter was not withdrawn after the announced settlement, the court, on February 5, 1985, rendered a judgment of dismissal for failure of the plaintiff to file a withdrawal of action. On the plaintiff's later motion, this judgment of dismissal was set aside by order of the court which also assigned the case for trial on March 15, 1985. The action was thereafter continued to April 19, 1985, when the court dismissed the case for failure to prosecute at time of trial. On May 22, 1985, the judgment of dismissal was again set aside at the plaintiff's request.

On June 17, 1985, the plaintiff filed a motion to reinstate the default judgment of July 16, 1982. The defendant opposed this motion, and on July 12, 1985, the court denied the plaintiff's motion, at which time it ordered that the parties proceed to trial. The plaintiff then refused to prosecute her case, and the action was dismissed pursuant to Practice Book § 251.[4] The plaintiff has appealed from the judgment of dismissal.

The plaintiff claims that the trial court had no jurisdiction to grant the defendant's motion to open judgment filed more than four months after the rendition of judgment in favor of the plaintiff, citing *Van Mecklenburg* v. *Pan American World Airways, Inc.*, 196 Conn. 517, 518, 494 A.2d 549 (1985). She acknowledges that a trial court may belatedly open only "a judgment rendered without subject matter jurisdiction," but

---

[4] Practice Book § 251 provides: "If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs. At least two weeks' notice shall be required except in cases appearing on an assignment list for final adjudication. Judgment files shall not be drawn except where an appeal is taken or where any party so requests."

maintains that this exception does not extend to lack of personal jurisdiction for improper service of process, if such existed here.[5] Additionally, the plaintiff maintains that she did not waive her right to bring this appeal contesting the opening of the judgment which she sought to reinstate by declining to proceed to trial and thereby suffering a dismissal of her action under Practice Book § 251. See *Purcell* v. *Slagle,* 5 Conn. App. 417, 498 A.2d 144, cert. denied, 197 Conn. 816, 500 A.2d 1336 (1985).

The defendant claims that the court may at any time open and correct a judgment rendered without personal or subject matter jurisdiction, relying upon the authority of *Misinonile* v. *Misinonile,* 190 Conn. 132, 135, 459 A.2d 518 (1983), and *Broaca* v. *Broaca,* 181 Conn. 463, 467–68, 435 A.2d 1016 (1980). In addition, the defendant alleges that by failing to proceed to trial, the plaintiff has waived her right to challenge the court's action in opening the judgment that earlier had been rendered in her favor. See *Purcell* v. *Slagle,* supra. In *Purcell,* it was held that a party who fails to proceed to trial after a dismissal under Practice Book § 251 waives "all nonjurisdictional defects or prior rulings of the trial court and prevents appeal of any claims of error which preceded the dismissal." Id., 421.

The plaintiff does not challenge the propriety of the judgment of dismissal rendered pursuant to Practice Book § 251. Procedurally, this case tracks *Purcell.* As in *Purcell,* the claim of error relates to the trial court's opening of the default judgment, which action in both

---

[5] The plaintiff's citation of *Misinonile* v. *Misinonile,* 190 Conn. 132, 459 A.2d 518 (1983), in support of this claim is misplaced. In that case it was held: "The court does have inherent authority . . . at any time to open and modify a judgment rendered without jurisdiction. *Broaca* v. *Broaca,* 181 Conn. 463, 467, 435 A.2d 1016 (1980)." *Misinonile* v. *Misinonile,* supra, 135. If a court has never acquired jurisdiction over a defendant or the subject matter, any judgment ultimately rendered is void ab initio and is subject to both direct and collateral attack. *Broaca* v. *Broaca,* supra, 467–68.

cases was claimed to be erroneous because of the lack of subject matter jurisdiction. In *Purcell,* the plaintiffs maintained that the trial court lacked jurisdiction to open the default judgment because the defendant's motion for reargument was filed beyond the prescribed four month period. The original motion to open was timely filed in *Purcell,* but denied. In the present case, the plaintiff claims as a distinction that the original motion to open was filed beyond the four month period, thereby depriving the court of jurisdiction and rendering the subsequent Practice Book § 251 dismissal a nullity. In both cases the adverse ruling of the trial court did not preclude the plaintiff from prevailing on the merits after a trial. See *Purcell* v. *Slagle,* supra, 421–22. The plaintiff's remedy upon the opening of the default judgment here, as in *Purcell,* "was to litigate [her] case and, if necessary, in the event of an adverse judgment, to claim as error the earlier action of the trial court. . . . The [plaintiff] could not circumvent an adjudication on the merits by simply waiting for a § 251 dismissal." Id., 422. We find that the ruling of *Purcell* v. *Slagle,* supra, is dispositive of the plaintiff's appeal. We find that the plaintiff has waived the claim of error presented in this appeal.

There is no error.

In this opinion the other judges concurred.