[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE JUDGMENT (#111.00)
ISSUE
Whether an action which has been dismissed for failure to prosecute under Conn. Practice Bk. 251 may be deemed an "action which was filed before the appointment of the receiver" at the time after the dismissal when exclusive federal jurisdiction attached under 12 U.S.C. § 1821.
The full text of the pertinent paragraph in 12 U.S.C. § 1821
(d)(5)(F) (ii) makes clear that the exception to federal pre-emption under the law applies only to actions which may be deemed to be "continued." A dismissal is not a continuance, and an action rescuscitated under Conn. Practice Bk. 377 may not, be deemed a pending action during the period it was dismissed. Thus, if an occurrence triggering federal preemption intervenes while the case is dismissed, as has occurred here by the entry into receivership of the defendant bank, that state court jurisdiction is ousted and the only remedy available to the plaintiff is pursuant to 12 U.S.C. § 1821.
The plaintiff in this action is an insolvent Connecticut corporation. According to the plaintiff's ("Amlico") First Amended Complaint, filed in six counts November 30, 1989, the plaintiff was the recipient of a letter of credit from one of its clients in an international financial services transaction. The defendant Connecticut Bank Trust ("CBT"), in arranging credit for Amlico's client, was named beneficiary of the letter CT Page 3849 of credit issued to Amlico.
Amlico charges that CBT failed to act upon the letter of credit in a timely manner, exposing Amlico to financial liability on other credit transactions while failing to assure corresponding credit protection to Amlico, in violation of Conn. Gen. Stat. 42a-9-207.
Amlico charges that CBT failed to act on the letter of credit in its possession despite oral assurances to the contrary. As a result, Amlico incurred debts which would have been covered by the letter but CBT allowed the letter to expire, leaving Amlico unprotected, inflicting losses of future earning upon Amlico. Amlico also claims actual damages due to a promissory note extracted from the plaintiff by the defendant based on misrepresentations by the defendant as to the continued viability of the letter of credit.
The complaint was dismissed by the court on December 7, 1990, under Conn. Practice Bk. 251 (rev'd to 1978, as updated to Oct. 1, 1990). That section reads in pertinent part:
251. Dismissal for Lack of Diligence
 If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs. At least two weeks' notice shall be required except in cases appearing on an assignment list for final adjudication. Judgment files shall not be drawn except where an appeal is taken or where any party so requests.
On January 6, 1991, the defendant CBT was declared insolvent by the Controller of the Currency, according to the defendant's objection to the Motion to Reopen Judgment. Inasmuch as the Federal Deposit Insurance Corporation has been named Receiver for the defendant, the defendant now argues that jurisdiction in the Superior Court to entertain this action is lacking. The defendant argues that all claims against the insolvent bank must be prosecuted in accordance with federal law, particularly 12 U.S.C. § 1821, as amended by the Financial Institution Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). The defendant argues that the appointment of the FDIC as receiver for the bank involves the exclusive language of certain sections of the federal statute which ousts the state court's jurisdiction. Among the relevant sections of the statute are 1821(d)(5)(D) and (E): CT Page 3850
(D) Authority to disallow claims
 The receiver may disallow any portion of any claim of security, preference, or priority which is not proved to the satisfaction of the receiver.
 (E) No judicial review of determination pursuant to subparagraph (d)
 No court may review the Corporation's determination pursuant to subparagraph (D) to disallow a claim.
There is a further statement as to the availability of judicial review in claims against a bank under FDIC receivership at 1821(d) (13) (D):
(D) Limitation on judicial review
 Except as otherwise provided in this subsection, no court shall have jurisdiction over —
 (i) any claim or action for payment from or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
 (ii) any claim relating to any act or omission: of such institution or the Corporation as receiver.
The sole concession of judicial review under the statute is set forth under 1821(d)(6)(A):
 (6) Provision for agency review or judicial determination of claims
(A) in general
 Before the end of the 60-day period beginning on the earlier of —
 (i) the end of the period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the Corporation is receiver, or
 (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i), CT Page 3851
 the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).
The plaintiff relies on 1821(d)(5)(F) for the argument that the state court action is excepted from the exclusive ambit of the federal law:
(F) Legal effect of filing
 (i) Statute of limitation tolled For purposes of any applicable statute of limitations, the filing of a claim with the receiver shall constitute a commencement of an action.
 (ii) No prejudice to other actions Subject to paragraph (12), the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver.
Thus, the plaintiff argues that the action which was dismissed in December 1990 and which the present motion seeks to revive is within the exception carved out by subsection (ii) above.
The present motion may be decided by answering a single question. Was the action sought to be reopened by the motion within the "other actions" exception described by 1821(d)(5) (F)? Any argument by the plaintiff which claims concurrent jurisdiction in the Superior Court must fail, given the exclusive language of the federal statute. That statute clearly contemplates no concurrent jurisdiction. 12 U.S.C. § 1821
(d)(6)(A) (ii). If this court is to exercise jurisdiction over this matter, the determination must turn on the meaning of the "other actions" exception: Was the dismissal under 251 fatal to the action, subjecting the matter to federal pre-emption as of January 6, 1991, or was the action still viable under the statutory scheme of 1821(d)(5)(F)? CT Page 3852
This decision appears to be a matter of first impression. The cases interpreting Conn. Practice BK. 251 and 377 and the legal significance of a dismissal for failure to prosecute are of some assistance in making the decision.
Jurisdictional questions aside, a motion to reopen under Conn. Practice Bk. 377 is directed to the court's discretion and will not be disturbed on appeal unless it is shown the court acted unreasonably and in clear abuse of discretion. Conn. Nat. Bank v. Great Neck Development Co., 215 Conn. 143,145 (1990). Relief under 377 should be granted only if the court, in its sound discretion, finds that the moving party has "shown reasonable cause." Grunschlag v. Ether Walker School, Inc., 190 Conn. 679, 685 (1983).
The salient issue in the plaintiff's argument as to the jurisdiction of this court to reopen is whether the action, having been dismissed, can fairly be deemed to have possessed any legal existence as of January 6, 1991, when exclusive federal statutory jurisdiction attached. What was the status of the case on January 6, 1991?
"[A] dismissal for lack of diligence pursuant to the provisions of 191A of the Practice Book [now 251] is a final judgment. . . ." Jenkins v. Ellis, 169 Conn. 154, 160 (1975). A final judgment is "[o]ne which leaves nothing open to further dispute and which sets to rest cause of action between the parties. One which settles rights of parties respecting the subject matter of the suit and which concludes them until it is reversed or set aside." Black's Law Dictionary, (Sixth Ed.) at 629. Orders made in an action subsequent to a 251 dismissal are void and will be vacated. Beckman v. Jalich Homes, Inc.,190 Conn. 299, 301 (1983).
A dismissal under 251 "allows the plaintiffs to reinstitute their action." Purcell v. Slagle, 5 Conn. App. 417,421 (1985). The use of the term "reinstitute" implies that the dismissed action is terminated and no longer a live controversy. Therefore, at such a point the matter cannot be deemed an "action as that term is used in U.S.C. § 1821(d) (5)(F) (ii).
On January 6, 1991, there was no live legal controversy between the plaintiff and the defendant. The declaration of insolvency by the Controller of the Currency and the appointment of the FDIC as Receiver served to place all claims against the bank under the exclusive ambit of 1821. At that time, the plaintiff's cause of action was once again inchoate, the legal action having been "set at rest" and "concluded" by the dismissal. Black's Law Dictionary at 629. Thus, the CT Page 3853 plaintiff's grievance against the bank held the status of a "claim" as defined in the statute, and did not, fall within the "other actions' exception. Having been dismissed, there was no action on January 6, 1991.
Therefore, the Motion to Reopen is denied.
KARAZIN, JUDGE