[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE AMENDED COMPLAINT #107
On October 18, 1991 the plaintiff, Twin Manufacturing Co. (TMC), filed a tort claim against the defendant accounting corporation Blum Shapiro Co. (Blum). The amended complaint alleges that certain financial statements prepared by the defendant and provided to the plaintiff in December 1986 failed to accurately assess the financial status of TMI Acquisition Corp. (TMI). Amended Complaint, par. 13. The complaint further alleges that the plaintiff relied on these financial statements when it purchased TMI in December 1986, and that the defendant provided these statements to the plaintiff knowing that the plaintiff would rely on their accuracy in determining whether to purchase TMI. Amended Complaint, pars. 7-11. The plaintiff alleges that as a result of the defendant's negligent preparation of said financial statements, the plaintiff paid an inflated purchase price for TMI and thereby suffered monetary loss. Amended Complaint, par. 14.
The defendant filed a motion to strike and a supporting memorandum of law on November 20, 1991, contending that the amended complaint fails to allege a legal duty owed by the defendant to the plaintiff and therefore does not state a valid cause of action. On December 4, 1991 the plaintiff CT Page 1347 filed its memorandum of law in opposition.
A motion to strike filed pursuant to Practice Book section 152 challenges the legal sufficiency of the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike is properly granted where the pleading alleges legal conclusions unsupported by facts. Mora v. Aetna Life Ins. Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988); Fortini v. New England Log Homes, Inc., 4 Conn. App. 132,134-35, 492 A.2d 545, cert. dismissed 197 Conn. 801,495 A.2d 280 (1985) (holding "conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike."). If, however, the facts provable under the pleading would support any legally sufficient cause of action or defense, then the motion to strike must be denied. Mingachos v. CBS, Inc., supra, 109. Thus, where a motion to strike attacks the entire pleadings, if any part of that pleading is legally sufficient the motion must fail. Grier v. West Haven Police Dept. 40 Conn. Sup. 221, 222, 487 A.2d 576, aff'd8 Conn. App. 142, 510 A.2d 1376 (1984).
The defendant contends in its motion that the plaintiff's amended complaint fails to allege facts which would establish privity between the plaintiff and the defendant, and that the defendant therefore owed the plaintiff no duty at the time of the alleged breach. The defendant also contends that this court's prior ruling on Motion to Strike #101 is the law of the case and should be adopted for purposes of the present motion.
It appears that the Connecticut cases have addressed under what circumstances an accountant may be held liable in a tort action. However, the standard of pleading set forth in Credit Alliance Corp. v. Arthur Anderson Co., 65 N.Y.2d 536,483 N.E.2d 110 (N.Y. 1985) governs the present dispute, as Superior Court Judge Corrigan adopted the Credit holding at a previous stage of this case. See Memorandum of Decision #106; Breen v. Phelps, 186 Conn. 86, 98, 439 A.2d 1066 (1982) ("A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge.").
In Credit Alliance Corp., the court held that in a tort action against accountants the plaintiff must demonstrate "conduct on the part of the accountants linking them to [the plaintiff], which evinces the accountants' understanding of [the plaintiff's] reliance." Credit Alliance Corp., supra, 118. Applying this standard to the present case, Judge Corrigan ruled that the plaintiff's original complaint failed to allege a relationship approaching privity and CT Page 1348 therefore could not sustain a tort action:
 There are no allegations that the defendant prepared any financial statements for the plaintiff, nor that the defendant was employed to prepare such statements for the purpose of sale of the assets to the plaintiff, nor that there was any direct contact with the plaintiff by the defendant such as providing the plaintiff with a copy of the statements. Therefore the facts alleged fail to demonstrate the existence of a relationship between the parties approaching privity so as to fall within the criteria of the action claimed. Credit Alliance v. Arthur Anderson Co., supra, 483 N.E.2d 110, 119.
Memorandum of Decision #106, pp. 2-3 (emphasis added).
It is clear that the plaintiff's amended complaint remedies — the deficiencies cited by Judge Corrigan. The plaintiff has added allegations that the defendant engaged in conversations with the plaintiff concerning the preparation of the financial statements and delivered such statements to the plaintiff, that the defendant knew the plaintiff would rely on such statements in its decision to purchase TMI, and that the defendant directly promoted the closing of the purchase transaction between TMI and the plaintiff. Amended Complaint, pp. 3-4, pars. 9, 11. These allegations demonstrate an "affirmative assumption of a duty of care to [the plaintiff] for a specific purpose." Credit, supra, 441. Since the amended complaint has added allegations which comply with Judge Corrigan's prior decision, the present motion to strike is without merit and is hereby denied.
Burns, J.