[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR ORDER TO SHOW CAUSE
The case in controversy centers around a disputed piece of property claimed by neighbors. In December of 1995, the plaintiffs, Randall and Deborah Briskin, secured a temporary injunction against the defendants, Anjan and Mita Chatterjee. The temporary injunction prohibited the defendants from erecting a fence and otherwise interfering with property claimed by the plaintiffs.
On December 19, 1997, the Court issued a notice stating that, pursuant to Practice Book § 251, the Court had, on December 12, 1997, entered a judgment dismissing the action for failure to prosecute with reasonable diligence. On December 30, 1997, the plaintiffs filed a motion to open the judgment of dismissal. This motion was granted on January 20, 1998. Between the filing of the motion and its granting, the defendants, on January 6, 1998, proceeded to erect a fence on the piece of property claimed by the plaintiffs. On January 20, 1998, a hearing was held on the plaintiffs' motion to show cause why the defendants were in contempt for having violated the temporary injunction. At the hearing, the court ordered the parties to file additional briefs and appear for reargument on February 2, 1998.
The plaintiffs argue that the defendant has blatantly violated the temporary injunction and should now be held in contempt for having done so. The plaintiffs argue that the Practice Book states that motions to open or set aside a dismissal pursuant to § 251 are deemed granted when filed without objection. According to the plaintiffs, the motion to open was thereby effective on December 30, 1997. Thus, the plaintiffs argue that the defendants clearly violated the outstanding temporary injunction when the defendants erected a fence one week after the motion to open was filed. In the alternative, the plaintiffs argue that even if the Practice Book provision does not apply, then the motion to open filed on December 30, 1997 should have served as notice to the defendants that the case was still viable and that the temporary injunction was still in effect.
The defendants maintain that the temporary injunction was rendered moot following the dismissal for failure to prosecute diligently, and that the Practice Book does not provide that a motion to open is deemed granted if not objected to. Rather, motion to open is deemed granted if not objected to. Rather, the dismissal for failure to prosecute is a final judgment which removes the court's jurisdiction of the case and waives all past CT Page 3305 court orders.
Where a case is dismissed pursuant to Practice Book § 251, failure to prosecute with due diligence, the appropriate way to open the judgment is by filing a motion to open pursuant to Practice Book § 326[1] and not Practice Book § 377[2]. Pump Services Corp. v. Roberts, 19 Conn. App. 213, 216,561 A.2d 464 (1989). The latest revision of Practice Book § 326 does not include any portion of the language formerly contained in Practice Book § 377. Therefore, plaintiffs' reliance on said language is misplaced. The plaintiffs relied on an unofficial publication which clearly indicates that the stated revisions are mere proposals.
The purpose of a § 251 dismissal is to prevent inactive cases from clogging the court. Cassella v. Kleffke,38 Conn. App. 340, 344, 660 A.2d 378 (1995), cert. denied, 235 Conn. 905,665 A.2d 899 (1996). A disciplinary judgment of dismissal pursuant to Practice Book § 251 is not an adjudication on the merits and would permit the plaintiffs to reinstate their action. Grier v.West Haven Police Department, 8 Conn. App. 142, 143,510 A.2d 1376 (1986). Nevertheless, judgment of dismissal is a final judgment that terminates the rights of the parties to proceed with the action. Beckman v. Jalich Homes, Inc., 190 Conn. 299,302, 460 A.2d 488 (1983). The effect of such a judgment is to deprive the court of jurisdiction over the parties. Id. This effect, however, does not deprive the court of necessary jurisdiction to open any such judgment within the statutory four month period. Cassella v. Kleffke, supra, 38 Conn. App. 344. In this respect, any dismissal is somewhat "nominal." Id.
A temporary injunction is vacated when a dismissal pursuant to § 251 of the Practice Book is entered. "An order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings. . . ." Cologne v. Westfarms Associates,197 Conn. 141, 147, 496 A.2d 476 (1985). The Appellate Court has on several occasions held that "[i]mplicit in a 251 dismissal is the waiver of all non jurisdictional defects or prior rulings of the trial court and prevents appeal of any claims of error which preceded the dismissal." (Emphasis added.) Purcell v. Slagle,5 Conn. App. 417, 421, 498 A.2d 144, Grier v. West Haven PoliceDepartment, supra, 8 Conn. App. 143. Furthermore, orders similar to a temporary injunction, such as a temporary restraining order, CT Page 3306 are "interlocutory in character and . . . become inoperative and terminate with the rendition of the final judgment." Park City Realty v. ZoningCommission, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306367, 13 CONN. L. RPTR. 526 (February 27, 1995) (Levin, J.). In Park City Realty v. Zoning Commission, the court held that a temporary restraining order does not automatically continue after the court renders a judgment of dismissal on the merits. This reasoning is applicable to a temporary injunction and is logically consistent with the Supreme Court's analysis that a dismissal under 251 is a final judgment for purposes of appeal. Morelli v. Manpower, Inc., 226 Conn. 831, 835,628 A.2d 1311 (1993).
While the actions of the defendants may warrant the plaintiffs' seeking relief,[3] the burden to prosecute diligently generally falls upon the plaintiff. Furthermore, the actions of the defendants were of a lawful character and thus should not actions of the defendants were of a lawful character and thus should not rise to the level of contempt.
Accordingly, the plaintiffs' motion to show cause why the defendant should be held in contempt is denied.
SKOLNICK, J.