[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case, the minor plaintiff Sara Karma Palma Mendez, through her mother as next friend, has brought an action claiming she sustained personal injury as a result of becoming lead poisoned, which she alleges occurred while she resided at premises owned by the defendant Dayer Rojas and subsequently by the defendant Michael Bajus. Rojas has moved to strike all the counts of the complaint against him.
The legal principles governing a motion to strike brought pursuant to Practice Book § 10-39 are well established. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "A motion to strike admits all facts well pleaded." Parsons v. United Technologies Corp., 243 Conn. 66,68, 700 A.2d 655 (1997). "In ruling on a motion to strike, the CT Page 999 court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autori,
supra, 236 Conn. 825. Furthermore, "[w]hat is necessarily implied [in an allegation] need not be expressly alleged. Clohessy v.Bachelor, 237 Conn. 31, 33 n. 4, 675 A.2d 852 (1996). . . . Knightv. F. L. Roberts Co., 241 Conn. 466, 470-71, 696 A.2d 1249
(1997)." (Internal quotation marks omitted.) Pamela B. v. Ment,244 Conn. 296, 308, 709 A.2d 1089 (1998).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions
stated in the pleadings." (Emphasis in original.) Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "If the motion attacks the entire pleading, it will fail if any part of the pleading is legally sufficient." Grier v. West Haven PoliceDept., 40 Conn. Sup. 221, 222, 487 A.2d 576 (1984) aff'd,8 Conn. App. 142, 510 A.2d 1376 (1986).
Facts
For purposes of this motion to strike, the court must accept the pleaded facts as true although the complaint in this case is hardly a model of clarity.[1] For the most part, the operative facts of the complaint, dated June 19, 1998, are contained in a section titled "Introduction" and they are as follows: The defendant Rojas owned premises known as 224 Stillwater Avenue from approximately August 8, 1994 to March 6, 1997 and the defendant Bajus owned the premises thereafter. (¶ 3) The minor plaintiff was born on July 31, 1995. (¶ 1) She occupied the premises under an oral lease agreement between the defendants Rojas and Bajus and her parents Cain Palma and Sara Mendez. (¶ 8) The parents apparently had resided at the premises since September 1992. (¶ 4)[2] Paragraph five alleges that "[p]rior to and during the Plaintiffs occupancy of the premises, the dwelling contained a latent hazardous condition — the presence of lead and defective paint on the interior surfaces of the dwelling unit, and in the common areas and on exterior surfaces of the dwelling. . . ." and goes on to allege both that the paint contained levels of lead exceeding certain percentages and that dust wipe samples showed excessive lead dust levels. Actual notice that the dwelling contained hazardous lead-based paint was received on or about August 22, 1997. (¶ 9) At some unspecified time, the minor plaintiff became poisoned from the lead-based paint hazard and suffered certain alleged injuries. (¶ 12) CT Page 1000
Count One (Negligence)
The first count incorporates the operative factual allegations of paragraph five of the introduction and further alleges that the defendant "knew or should have known in the exercise of reasonable care" that interior surfaces accessible to children contained "latent hazardous lead-based paint" which the defendant failed to remedy in a reasonable time after notice. (¶ 7) Rojas maintains that this count must be stricken as to him because there is no allegation that he received actual notice during the time period he owned the property and because the count does not properly allege constructive notice.
Although Rojas is correct that he could not be found liable, based on the facts alleged, on an actual notice theory, the first count's allegations of constructive notice are sufficient to survive a motion to strike. The allegations of paragraph five, that "prior to and during the Plaintiff's occupancy of the premises, the dwelling contained a latent hazardous condition — the presence of lead and defective paint on the interior surfaces of the dwelling unit, and in the common areas and on exteriorsurfaces of the dwelling . . ." (emphasis added), are incorporated in this count and they suffice, along with the allegations of paragraph seven, to state a cause of action for common law negligence.
Count Two (Negligence Per Se)
The second count premises its claim of negligence per se on alleged violations of General Statutes §§ 47a-7, 19a-111e,19a-111, 21a-82, and 47a-54f. (¶ 6) Contrary to Rojas's position, these statutes do not create a cause of action, but they do set a "standard the violation of which constitutes negligence per se."Gore v. People's Savings Bank, 235 Conn. 360, 378, 665 A.2d 1341
(1995). In Gore, the Supreme Court determined that the presence of toxic levels of lead paint in leased premises in violation of sections 47a-7 and 47a-54f can constitute actionable negligence per se. See id., 381-82. Section 19a-111c imposes a general duty on the "owner of any dwelling . . . in which children under the age of six reside" to "abate or manage" paint, plaster or other materials which contain toxic levels of lead in a manner consistent with regulation. The regulation requires a property owner to abate all defective lead-based surfaces within a dwelling unit and all defective exterior surfaces and defective CT Page 1001 surfaces in common areas containing toxic levels of lead. Regs., Conn. State Agencies § 19a-111-2 (a) and (b). These statutes and regulations were in effect during the time that Rojas owned the Stillwater property.
Rojas incorrectly maintains that the plaintiff must allege actual notice to state a cause of action for negligence per se. Although some of the cited statutes and regulations only impose a duty upon an owner "after the discovery of toxic levels of lead in the premises;" see Rivera v. Fairbank Management Properties,Inc., 45 Conn. Sup. 154, 165, 703 A.2d 808 (1997); constructive notice, if appropriately proven, suffices to impose liability for negligence per se. Gore v. People's Savings Bank, supra,235 Conn. 384-85. Moreover, specific allegations of notice are not essential to state a cause of action for negligence per se underGore; Sanchez v. General Urban Corp., Superior Court, judicial district of New Haven, Docket No. 378774 (February 6, 1997, Lager, J.); as long as sufficient facts are alleged to impute constructive notice to the defendant. See Lovick v. Nigro,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 542473 (February 21, 1997, Lager, J.) Thus, since the second count incorporates the operative factual allegations of paragraph five of the introduction that a latent hazardous condition, specifically lead and defective paint in amounts in excess of that permitted by law and regulation, was present prior to the minor plaintiffs occupancy, if proven a condition of which Rojas would be chargeable with notice, it is sufficient to survive a motion to strike.
Third Count (Warranty of Habitability)
Rojas contends that the third count, alleging a breach of the implied warranty of habitability, must be stricken as to him because he did not own the property at the alleged inception of the tenancy. To state a cause of action for breach of an implied warranty of habitability, a complaint must allege, or it must be fairly imputable from the alleged facts, that the defendant knew, either actually or constructively, of the existence of lead-based paint hazards in the apartment at the inception of the tenancy. See Diaz v. Shelat, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 467395 (March 16, 1998, Lager, J.), citing Thomas v. Roper, 162 Conn. 343, 349-50,294 A.2d 321 (1972), and cases cited therein. This count incorporates the allegations of the introduction that the tenancy commenced in September 1992 (¶ 4) and that Rojas owned the CT Page 1002 premises from approximately August 3, 1994. (¶ 3). Accordingly, Rojas is correct that these allegations are insufficient to support a cause of action for breach of an implied warranty of habitability against him and the third count must be stricken.
Fourth Count (Covenant of Quiet Enjoyment)
To properly state a cause of action for breach of the covenant of quiet enjoyment in a lead paint case, the complaint must sufficiently allege the elements of constructive eviction, short of the requirement that the tenant abandoned the premises. Lovickv. Nigro, supra, Superior Court, Docket No. 542473. The complaint must allege that the defendant was on notice that the premises contained a lead paint hazard and failed to remedy it within a reasonable time or that he did or suffered an act which made the premises untenantable and caused the injury claimed. Id.
The allegations of the fourth count against Rojas fail to state a cause of action for breach of the covenant of quiet enjoyment. The count alleges that notice that the premises contained hazardous lead-based paint was received on or about August 22, 1997 (¶ 9), at a time when Rojas no longer owned the premises as alleged in paragraph three. Thus, there is no allegation of the requisite notice against Rojas. Further, the other allegations of this count are insufficient to support proof that Rojas did anything which rendered the premises untenantable. See AmsterdamRealty Co. v. Johnson, 115 Conn. 243, 248, 161 A. 339 (1932). A failure to act is insufficient to amount to the conduct necessary for constructive eviction. See generally Connecticut NationalBank v. Douglas, 221 Conn. 530, 538-39, 606 A.2d 684 (1992).
Fifth Count (Recklessness)
The plaintiff does not object to the court striking the fifth count. Accordingly, that count will be stricken without discussion.
Sixth Count (CUTPA)
Rojas's argument that this count should be stricken is premised on his claim that the negligence per se count should be stricken. Since the court has denied the motion to strike as to the second count and the allegations of statutory violations are incorporated in the sixth count, it suffices at this stage. SeeLovick v. Nigro, supra, Superior Court, Docket No. 542473. CT Page 1003
Conclusion
The defendant Dayer Rojas's Motion to Strike is denied as to the first, second and sixth counts and granted as to the third, fourth and fifth counts. The third, fourth and fifth counts are stricken as to the defendant Rojas only, not as to the nonmoving defendant Michael Bajus.
LINDA K. LAGER, JUDGE