[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR ORDER OF
CT Page 4650 COMPLIANCE AND MOTION TO SET ASIDE DEFAULT JUDGMENT
The Court having reexamined this file with reference to the Motion for Order of Compliance filed on February 7, 2002 is of the opinion that it should have vacated the Default Judgment in this case. The Court herewith vacates its order sustaining the objection to the Motion to Set Aside the Default Judgment and rules that the motion to set aside the Default Judgment is granted
The Court finds that the abode service was improperly made at an address where the defendant no longer resided. Thus, the Motion to Set Aside the Default Judgment is timely. Such motion can be made at any time on this ground and should be granted as the defendant has established both "reasonable cause" for failure to appear, namely, lack of notice due to insufficient abode service of process, and a valid defense to the action, namely, lack of personal jurisdiction and because in the absence of personal jurisdiction the Default Judgment is void ab initio as a matter of law.
In the present case, from review of the existing paper record in the court file, the affidavit of the defendant and the affidavit of the defendant's former landlord, the following facts may be found:
1. The writ, summons and complaint were served by abode service on September 29, 1999, at 525 Tolland Street, East Hartford, Connecticut, an address at which the defendant has not resided since 1995. From October, 1998, to August, 2000, and at the time of service of process, the defendant lived at 62 Timothy Road, East Hartford, Connecticut.
2. The plaintiff failed to appear, and the clerk entered a default on November 11, 1999. A carbon copy of form JD-CL22-HF "Official Notice," from the court clerk, dated November 5, 1999, providing the defendant with notice that default was entered, is in the court file. The notice is addressed to the defendant and thus presumably was mailed to the defendant, but the address listed on the notice is the same as that at which abode service was made, 525 Tolland Street, East Hartford, Connecticut
3. The plaintiff filed a Motion for a Default Judgment and order of weekly payments on April 2, 2000. The plaintiff's counsel certified that a copy of the Motion was mailed on April 24, 2000, to the defendant at 525 Tolland Street, East Hartford, Connecticut.
4. A Default Judgment and order of weekly payments was rendered by the CT Page 4651 Court on May 8, 2000. The certification on the order page itself is not completed nor signed nor dated nor certified by the plaintiff's counsel that a copy of the order was mailed to the defendant, whose address is listed on the order as 525 Tolland Street, East Hartford, Connecticut. The computer generated printout of the judgment is dated May 10, 2000; and although the printout contains the name and address of the plaintiff's counsel, it does not contain the name and address of the defendant. There is no indication that the court clerk sent notice of the Default Judgment to the defendant at any address.
5. There are two copies of form JD-CV-50 "Notice of Judgment and Order for Weekly Payments" in the file; neither are completed nor signed nor dated nor certified by the plaintiff's counsel as being mailed to the defendant.
6. The file does not contain any other copy of a notice or certification by the plaintiff's counsel that notice of the Default Judgment was ever sent to the defendant as required by Practice Book § 17-22.
7. The plaintiff asserts in its objection to the motion to set aside that notice of the May 8, 2000 Default Judgment was mailed to the defendant's "last known address" on May 18, 2000. No person attests to this fact, no copy of the notice that was allegedly sent is submitted and the "last known address" to which this notice was sent is not specified.
8. The defendant received notice that a Default Judgment had been rendered on or about January 22, 2001, when the defendant received, at her current address of 160 Henderson Drive, East Hartford, Connecticut, where she has resided since August, 2000, post judgment interrogatories from the plaintiff.
 Insufficient Abode Service of Process
"[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the Court or has waived any objection to the Court's exercise of personal jurisdiction." (Internal quotation marks omitted.) Kim v. Magnotta, 249 Conn. 94, 101-02, 733 A.2d 809 (1999). "As a matter of law, in the absence of jurisdiction over the parties, a judgment is void ab initio and is subject to both direct and collateral attack." (Internal quotation marks omitted.) Wilkinson v. BoatsUnlimited, Inc., 236 Conn. 78, 84, 670 A.2d 1296 (1996); see also GeneralMotors Acceptance Corp. v. Pumphrey, 13 Conn. App. 223, 228, 535 A.2d 396
(1988); Huff v. AFSCME, 10 Conn. App. 1, 6 n. 5, 521 A.2d 200, cert, denied, 203 Conn. 805, 525 A.2d 520 (1987). CT Page 4652
"Although [General Statutes] §§ 52-212 and 52-212a normally limit the authority to open judgments to a four month period, these statutes do not preclude the opening of a Default Judgment that is rendered without jurisdiction over a defendant." Wilkinson v. Boats Unlimited, Inc., supra, 236 Conn. 83. Thus, a trial court has inherent authority to open at any time a Default Judgment rendered without personal jurisdiction over a defendant due to lack or insufficiency of service of process.General Motors Acceptance Corp. v. Pumphrey, supra, 13 Conn. App. 228-29;Huff v. AFSCME, supra, 10 Conn. App. 4-6.
Based upon the facts in the present case, it appears that the defendant was never properly served with the writ, summons and complaint in this action. At the time of service of process, her "usual place of abode" was not 525 Tolland Street, East Hartford, Connecticut. The defendant attests that she moved from that address in 1995, and both she and her former landlord attest that at the time of service of process the defendant resided at 62 Timothy Road, East Hartford, Connecticut. Accordingly, the trial court never obtained personal jurisdiction over the defendant, and the Default Judgment that was rendered on May 8, 2000, is void ab initio.
Therefore, the Court is of the opinion that the defendant's Motion to Set Aside the Default Judgment is timely, as such a motion can be made at any time on the ground of lack of personal jurisdiction. The defendant has established both "reasonable cause" for failure to appear, namely, lack of notice due to insufficiency of abode service of process, and valid defense to the action, namely, lack of personal jurisdiction.
The plaintiff filed an objection to the motion to set aside on January 10, 2002, on the ground that the defendant has not prosecuted the motion with due diligence in that it has been approximately eight months since the filing of the motion. The plaintiff complains that the defendant has twice reclaimed the motion. The plaintiff, however, has not set forth any specific claim of prejudice or any specific claim that the defendant has acted particularly egregiously, such as failing to appear for short calendar arguments or reclaiming the motion for frivolous or improper reasons. The plaintiff has not established a meritorious objection to the motion. Accordingly, for the foregoing reasons, the defendant's Motion to Set Aside the Default Judgment is granted.
Hale R., JTR