## Larry Grier, Jr. *v.* West Haven Police Department

Superior Court     Judicial District of     File No. 220103
New Haven

Memorandum filed December 27, 1984

*Daniel V. Presnick,* for the plaintiff.
*Bai, Pollock & Dunnigan,* for the defendant.

HADDEN, J. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985 (3) against the West Haven police department for the alleged actions of two of its employees. The plaintiff alleges that two employees of the West Haven police department entered his home and removed his daughter from the care and custody of one Virginia Hardy without a court order or the plaintiff's permission. The two employees are not defendants.

The first count of the amended complaint alleges a violation of 42 U.S.C. § 1983. The plaintiff alleges that there exists a policy or custom in the West Haven police department which resulted in a deprivation of his liberty interest in the care, affection and companionship of his daughter. The plaintiff alleges that that policy or custom discriminates against unwed fathers, illegiti-

mate children and males in custody disputes. The result of the policy is that custody determinations are being made by the defendant without a court order. The plaintiff alleges he has joint custody of the child pursuant to General Statutes § 45-43, which gives joint guardianship of every minor child to the father and mother. The plaintiff alleges that the defendant authorized the officers' actions, conspired to protect them and encouraged the aforementioned policy.

The second count of the complaint alleges a violation of 42 U.S.C. § 1985 (3) in that the defendant's actions were the result of a conspiracy stemming from the policy and custom of the defendant concerning invidious discrimination against unwed fathers, illegitimate children and males.

The defendant has moved to strike the entire complaint. The motion with respect to the first count claims that it fails to allege the deprivation of a constitutional right. As to the second count, the motion claims that it fails to allege the deprivation of a constitutional right and also fails to allege invidious discrimination and a conspiracy. With respect to both counts the defendant claims that they fail to adequately allege a policy or custom on behalf of the defendant.

A motion to strike is used to challenge the legal sufficiency of any complaint, counterclaim or crossclaim. Practice Book § 152. The motion admits all well pleaded facts of the challenged pleading. *Verdon* v. *Transamerica Ins. Co.,* 187 Conn. 363, 365, 446 A.2d 3 (1982). If the motion attacks the entire pleading, it will fail if any part of the pleading is legally sufficient. *Doyle* v. *A. & P. Realty Corporation,* 36 Conn. Sup. 126, 414 A.2d 204 (1980). In ruling on a motion to strike the court will consider all such facts in a manner most favorable to the nonmovant. *Amodio* v. *Cunningham,* 182 Conn. 80, 82, 438 A.2d 6 (1980).

In order to maintain this action under either count it is necessary to allege the deprivation of a constitutional right. *Estelle* v. *Gamble,* 429 U.S. 97, 106, 94 S. Ct. 285, 50 L. Ed. 2d 251 (1976), reh. denied, 429 U.S. 1066, 97 S. Ct. 798, 50 L. Ed. 2d 785 (1977); *Fine* v. *City of New York,* 529 F.2d 70, 73 (2d Cir. 1975). The Civil Rights Act was not enacted so as to provide a statutory procedure by which to discipline local law enforcement officials. *Atkins* v. *Lanning,* 556 F.2d 485 (10th Cir. 1977). In order to justify an award of damages based on alleged violations of constitutional rights it is necessary specifically to identify those rights and mere conclusory allegations are not adequate. *Brice* v. *Day,* 604 F.2d 664, 666 (10th Cir. 1979), cert. denied, 444 U.S. 1086, 100 S. Ct. 1045, 62 L. Ed. 2d 972 (1980).

In this case the complaint alleges that two employees of the defendant took certain action with respect to a minor child who was the subject of a custody dispute involving two individuals who had equal statutory right to custody. The relationship between parent and child is constitutionally protected. *Lassiter* v. *Department of Social Services,* 452 U.S. 18, 101 S. Ct. 2153, 68 L. Ed. 2d 640, reh. denied, 453 U.S. 927, 102 S. Ct. 889, 69 L. Ed. 2d 1023 (1981). In a case quite similar to the one at bar, however, the court held that police actions in a custody dispute do not rise to the level of interference with a constitutional right. *Wise* v. *Bravo,* 666 F.2d 1328 (10th Cir. 1981). "However, there is no substantive federal constitutional, statutory or common law governing family relationships, including matters of custody and visitation rights between parents and children. The substantive aspect of the subject of family law and domestic relations is one uniquely within the province of the respective states." Id., 1332. In this case, as in *Wise,* there are adequate state laws providing remedies for alleged interference with parental rights with respect to children. "§ 1983 should not be

viewed as a vehicle to resolve a dispute involving visitation rights-privileges. That is a subject uniquely reserved to the state court system. Any claim for relief that Wise may have exists under Colorado law and in the Colorado state system." Id., 1333.

The first count fails to allege the deprivation of a constitutionally protected right.

The second count purports to state a cause of action under 42 U.S.C. § 1985 (3). "*Griffin* v. *Breckenridge*, 403 U.S. 88, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971), teaches that if § 1985 (3) reaches conspiracies not motivated by racial animus, it does so only when there is 'a class-based, invidiously discriminatory animus behind the conspirators' action.' 403 U.S. at 102, 91 S. Ct. at 1798 [footnote omitted]. The requirement that the discrimination be 'class-based' is not satisfied by an allegation that there was a conspiracy which affected the interests of a class of persons similarly situated with the plaintiffs. Rather, the complaint must allege facts showing that the defendants conspired against the plaintiffs because of their membership in a class and that the criteria defining the class were invidious." *Harrison* v. *Brooks*, 519 F.2d 1358, 1359–61 (1st Cir. 1975).

The second count of the complaint fails to make such allegations as are necessary in order to maintain an action for a violation of 42 U.S.C. § 1985 (3). The allegations of a conspiracy are vague, conclusory and lacking in factual assertions and are inadequate.

The defendant in its motion to strike also claims that both counts should be stricken because of a failure adequately to allege a policy or custom on behalf of the defendant. A local government "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement,

ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover . . . local governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell* v. *New York City Department of Social Services,* 436 U.S. 658, 690–91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). This reasoning would apply to an action brought under § 1985 (3) as well as under § 1983.

In this case the plaintiff does not claim that there was an officially adopted policy but rather that there was a custom. The single incident of alleged illegality, however, is not a sufficient allegation of facts so as to constitute a "custom." "We agree that, absent more evidence of supervisory indifference, such as acquiescence in a prior pattern of conduct, a policy could not ordinarily be inferred from a single incident of illegality such as a first arrest without probable cause or with excessive use of force." *Turpin* v. *Mailet,* 619 F.2d 196, 202 (2d Cir. 1980).

The complaint in its entirety fails to allege facts sufficient to give rise to proof of either an official or an unofficial policy or custom and therefore fails to allege a cause of action under §§ 1983 and 1985 (3).

Accordingly, for the reasons above stated, the motion to strike is granted as to both counts of the amended complaint.