[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE
ISSUES
Whether plaintiffs' complaint alleges facts that would, if proved, support a cause of action, thereby withstanding defendants' motion to strike plaintiffs' complaint in its entirety. CT Page 3208
FACTS
Plaintiffs Kimberly Luje, a protective services worker for the Department of Children and Youth Services, and her husband Guillermo Luje, have instituted this action against defendants City of Hartford, City of Hartford Police Department, Bernard Sullivan, Charles Boornazian, Hernan LaFontaine, and the Hartford Board of Education for injuries Kimberly Luje sustained while she was attempting to remove a student from the Kinsella School in Hartford.
Plaintiffs' four-count complaint sounds in negligence and emotional distress. Additionally, Guillermo Luje is suing all the defendants for expenses he incurred as a result of his wife's injuries.
Plaintiffs' complaint alleges the following facts. On or about May 5, 1987, pursuant to Conn. Gen. Stat. 17a-38a, plaintiff Kimberly Luje was required to remove Georgina Fuentes, daughter of Carmen Torres, a school employee, from the Kinsella School because of allegations that Fuentes had been sexually abused. On the same date at approximately 2:15 p.m. Kimberly Luje contacted defendant police department and requested police assistance in removing Fuentes for fear of violence by Torres. Defendant police department informed plaintiff Kimberly Luje that police assistance would be provided. Thereafter, plaintiff Kimberly Luje made numerous calls to the defendant police department and was told that police assistance would be provided. Plaintiffs allege defendant police department carelessly and negligently failed to provide plaintiff with police protection and assistance. At approximately 3:11 p.m. plaintiff Kimberly Luje was struck by Carmen Torres, thereby sustaining injuries.
On October 11, 1990, pursuant to Conn. Practice Book 152 et seq. defendants City of Hartford, Hartford Board of Education, Hartford Police Department, Boornazian and Sullivan jointly filed a motion to strike plaintiffs' complaint in its entirety on the ground that plaintiffs' action is barred "by the common law doctrine that provides that police offices exercising discretionary functions are immune from civil liability." Defendants have supplied a supporting memorandum of law. Plaintiffs have filed a memorandum in opposition.
LAW
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.' Practice Book 152." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, CT Page 3209 170 (1988). If the motion to strike attacks the entire complaint it will fail if any of the plaintiff's claims are legally sufficient. Kovacs v. Kasper, 41 Conn. Sup. 225, 226
(1989); Grier v. West Haven Police Department, 40 Conn. Sup. 221,222 (1984); Doyle v. A. and P. Realty Corporation,36 Conn. Sup. 126, 127 (Super.Ct. 1980), citing Water Commissioner v. Robbins, 82 Conn. 623, 633 (1910) and 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1970) 116(e).
Our Supreme Court adheres to the public duty doctrine, which provides that certain municipal officials engaged in the exercise of a public duty are immune from liability. See Gordon v. Bridgeport Housing Authority, 208 Conn. 161 at 166 (1988). In Shore v. Stonington, 187 Conn. 147, 152 (1982), the Connecticut Supreme Court explained the public duty doctrine as follows:
 If the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed, if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages.
Shore, 187 Conn. at 152 (citation omitted.)
In Shore the court recognized certain exceptions to the public duty doctrine thereby permitting an individual to sue an official "for breach of duty without regard to whether the duty is technically a public or private one." Shore,187 Conn. at 153. One exception is "where the duty of the public official to act is not ministerial but instead involves the exercise of discretion, the negligent failure to act will not subject the public official to liability unless the duty to act is clear and unequivocal." Id. Thus the court has "recognized the existence of such a duty [to act] in situations where it would be apparent to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm. See Sestito v. Groton, 178 Conn. 520 (1979)." Shore,187 Conn. at 153. Moreover, a determination of whether the officer's failure to act subjected an identifiable person to imminent harm is a question of fact. See Sestito,178 Conn. at 528. CT Page 3210
In Gordon v. Bridgeport Housing Authority, the court summarized the qualified immunity doctrine and explained "the court looks to see whether there is a public or private duty alleged by the plaintiff. If a public duty exists, an official can be liable only if the act complained of is a ministerial act or one of the narrow exceptions to discretionary acts applies." Gordon, 208 Conn. at 170. In Gordon the court concluded that "the deployment of police officers is a discretionary governmental action as a matter of law." Id. at 180.
Defendants argue in support of their motion to strike that the defendant police department was engaged in a discretionary function and is therefore immune from liability. Although the "general deployment" of police officers is a discretionary action as a matter of law; Gordon,208 Conn. at 180; the defendant police department may be subject to suit if the act complained of in the present case fails within one of the exceptions stated in Shore v. Stonington, 187 Conn. 147
(1982). See Gordon v. Bridgeport, 208 Conn. at 180.
In the present case, the plaintiffs allege in count one of their complaint that plaintiff Kimberly Luje, a DCYS worker, called the defendant police department to request police assistance in the removal of a suspected sex abuse victim, for fear of violence by the victim's father who was also an employee of the school that the alleged victim attended. The plaintiffs further allege that although Kimberly was informed that police assistance would be provided, in fact, police assistance was not provided and Kimberly was later assaulted by the victim's father.
In opposition to defendants' motion to strike, plaintiffs maintain that they have alleged in count one of their complaint facts that would, if proved, establish that it was apparent to the defendant police department that its failure to act would subject an identifiable person, i.e., Kimberly Luje, to imminent harm by Carmen Torres, and that therefore pursuant to the rule enunciated in Sestito v. Groton,178 Conn. 520 (1979) defendant police department may be subject to liability.
Because the complaint, construed in the manner most favorable to plaintiff, fairly alleges that the defendant police department's failure to act subjected an identifiable person to imminent harm the defendants' motion to strike must be denied. Moreover, since the defendants have moved to strike the plaintiffs' complaint in its entirety, the defendants' motion to strike must fail for the reason that count one of plaintiffs' complaint alleges facts that would, if proved, CT Page 3211 support a cause of action. Accordingly, it is held that the defendants' motion to strike the plaintiffs' complaint in its entirety is denied.
Koletsky, J.