[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
By substitute complaint for wrongful death dated June 28, 1991, the plaintiffs, Pamela S. Stevens, administratrix of the Estate of Christy S. Stevens, and Judith Gallo, administratrix of the Estate of Michael R. Gallo, brought a four count complaint against Biagio DiLieto, former mayor of the City of New Haven, various individual employees of the City of New Haven and the City of New Haven ("City"). The first and third counts are defective highway counts against the City pursuant to General Statutes Section 13a-149, brought by the Estate of Stevens and the Estate of Gallo, respectively. These counts allege that the defective conditions at the Mill River drawbridge on Chapel Street, New Haven, on the late evening of November 12, 1988, or the early morning of November 13, 1988, caused the deaths CT Page 225 of the decedents. The second and fourth counts are negligence counts against the individual defendants, brought by the Estate of Stevens and the Estate of Gallo, respectively.
On September 3, 1991, the defendants filed an answer, special defenses and counterclaims to the substitute complaint. The first special defense, as to the first and third counts of the complaint, is based on the doctrine of res judicata. The second special defense, as to the first and third counts of the complaint, is based on the doctrine of collateral estoppel. The third special defense, set forth in four "counts," is addressed only to the second count of the complaint and alleges contributory negligence by the decedent Stevens. The fourth special defense, set forth in four "counts", is addressed only to the fourth count of the complaint and alleges contributory negligence by the decedent Gallo. The fifth special defense is addressed to the second and fourth counts of the complaint and alleges governmental immunity. (Although the pleading states that it is addressed to the fifth count, it is assumed that the defendants were referring to the fourth count.) The counterclaims allege indemnification and contribution.
The plaintiffs have filed a motion to strike the special defenses and counterclaims of the defendants, either in their entirety or in part, upon the grounds described hereinafter.
A motion to strike challenges the legal sufficiency of a pleading. Practice Book Section 152; Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). A motion to strike may properly raise the issue of the legal sufficiency of a special defense to a cause of action. Practice Book Section 152(5); Nowak v. Nowak,175 Conn. 112, 116 (1978). The motion to strike must fail "if the facts provable under its allegations would support a defense." Mingachos v. CBS, Inc., supra, 109. If the motion to strike attacks the entire pleading, it will fail if any part of the pleading is legally sufficient. Grier v. West Haven Police Department, 40 Conn. Sup. 221, 222 (1984).
The grounds of the motion to strike will be treated seperately.
I. First and Second Special Defenses
The City's first special defense alleges that the statutory causes of action founded upon General Statutes Section 13a-149, the defective highway statute, were previously brought in the companion case of Stevens v. City of New Haven, D.N. 508985. In that case, the court (Koletsky, J.) struck all of the defective highway counts for failure to comply with the statutory notice requirements. In the first special defense, the City alleges CT Page 226 that the adjudication of the defective highway counts in the companion case is res judicata in this action. In the second special defense, the City alleges that the plaintiffs are now collaterally estopped from litigating the defective highway counts in this action. The plaintiffs argue that because res judicata and collateral estoppel do not apply to the present case, these special defenses must fail.
Res judicata was properly pleaded as a special defense by the defendants. Beccia v. Waterbury, 185 Conn. 445, 451 (1981). Collateral estoppel was also properly pleaded as a special defense. Savoy Laundry, Inc. v. Stratford, 2 CSCR 459, 460
(March 23, 1987, Meadow, J.).
"The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made." Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 43 (1987). Under this doctrine "an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties." Wade's Dairy, Inc. v. Fairfield,181 Conn. 556, 559 (1980).
"Collateral estoppel is that aspect of the doctrine of res judicata which serves to estop the relitigation by parties and their privies of any right, fact or legal matter which is put in issue and has been once determined by a valid and final judgment of a court of competent jurisdiction." State v. Wilson,180 Conn. 481, 485 (1980). For an issue to be subject to collateral estoppel, it must have been actually decided and the decision must have been necessary to the judgment. Gionfriddo v. Gartenhaus Cafe, 15 Conn. App. 392, 402 (1988), aff'd 211 Conn. 67
(1989).
Both res judicata and collateral estoppel, therefore, require that there be a valid final judgment. The allegation of a final judgment is not present in either special defense. Furthermore, a review of the Stevens v. City of New Haven file (which has been consolidated with the present case, as well as Sawyer v. City of New Haven, D.N. 509698 and Lagrotteria v. City of New Haven, D.N. 509710) reveals that judgment was never entered on the previous ruling.
Therefore, the motion to strike the first and second special defenses of res judicata and collateral estoppel is granted.
II. Third and Fourth Special Defenses CT Page 227
The third special defense alleges contributory negligence of the decedent Stevens. The fourth special defense alleges contributory negligence of the decedent Gallo. These special defenses have been divided into four counts each pursuant to the plaintiffs' requests to revise and are identical except for the name of the decedent alleged to have been contributorily negligent.
The first count of the third and fourth special defenses alleges contributory negligence of decedent Stevens and decedent Gallo, respectively, as the operator of the subject vehicle. The plaintiffs have not moved to strike this special defense in its entirety. The plaintiffs have moved to strike the second, third and fourth counts of the third and fourth special defenses in their entirety. These counts allege contributory negligence of decedent Stevens and decedent Gallo, respectively, in their capacity other than as the operator of the subject vehicle. It remains unclear as to who was the operator of the vehicle at the time of the incident in question.
In Clarke v. Connecticut Co., 83 Conn. 219, 223-24 (1910), the Supreme Court stated that although a gratuitous passenger is not ordinarily expected to give advice or direction as to the vehicle's control and management, under particularized circumstances, there may be a limited duty to "look out for threatened or possible dangers, and to warn the driver of such after their discovery." "(W)hen (the passenger) knows that the driver is operating (the vehicle) negligently or his negligent conduct is so apparent that (the passenger) ought to have known it, then the duty to exercise reasonable care resting upon him may require action upon his part." Tracy v. Welch, 109 Conn. 144,148 (1929).
Furthermore, if the driver was intoxicated to the knowledge of the passenger at the time they entered the car, or if the driver's condition "was palpably apparent at the time," it would be negligent for the passenger to enter the car and ride in it, and if the injuries and death of the passenger resulted from the failure of the driver to operate the car with proper care and skill because of his intoxicated condition, the plaintiff could not recover. Craig v. Dunleavy, 154 Conn. 100, 104 (1966). (This case predates Public Acts, No. 73-622, Section 1, by which the doctrine of comparative negligence was adopted in Connecticut in causes of action in negligence accruing after the statute's effective date. Therefore, in Craig, the plaintiff's contributory negligence would act as a bar to recovery under the doctrine of contributory negligence.)
A. Second Count of Third and Fourth Special Defenses CT Page 228
The second count of the third and fourth special defenses alleges that the injuries and death of the plaintiff's decedents were caused by their negligence and carelessness:
 1. in that he/she willingly and voluntarily occupied the subject vehicle even though he/she knew, or reasonably should have known, that the operator of said vehicle was under the influence of alcohol, impaired by alcohol and/or in a diminished condition as a result of the consumption of alcohol;
 2. in that he/she purchased alcoholic beverages or made false statements for the purpose of procuring alcoholic beverages in violation of Connecticut General Statutes Section 30-89 (a);
 3. in that he/she possessed alcoholic beverages on a street or highway in violation of Connecticut General Statutes Section 30-89 (b);
 4. in that he/she induced minors to purchase alcoholic beverages in violation of Connecticut General Statutes Section 30-87;
 5. in that he/she failed to keep a proper and reasonable lookout;
 6. in that he/she allowed the subject vehicle to be operated in a reckless manner having due regard to the width, traffic and use of the roadway, the intersection of streets, visability and the weather conditions in violation of Connecticut General Statutes Section 14-222 (a);
 7. in that he/she failed to properly react and respond to the traffic signs and traffic barriers located in the area of the subject accident;
 8. in that he/she failed to exercise reasonable care for his/her own safety at said time and place.
 9. in that he/she allowed the subject vehicle to be operated at an unreasonable rate of speed for the time, place and conditions then and there existing in violation of Connecticut General Statutes Section 14-218a;
 10. in that he/she allowed the subject vehicle to be operated at an unreasonable rate of speed having due CT Page 229 regard for the traffic, weather, width, visibility and use of the highway and the intersection of streets.
Paragraphs one, six, eight, nine and ten are sufficient to raise the factual issue of whether the negligence of the plaintiffs' decedents contributed to the accident in question. If these defenses are proven, then, as a matter of law, they could have been contributing causes of the accident. See Tempe v. Giacco, 37 Conn. Sup. 120, 123 (1981).
Since paragraphs one, six, eight, nine and ten of the second count of the third and fourth special defenses sufficiently raises the issue of contributory negligence, the motion to strike the second count of the third and fourth special defenses is denied.
B. Third Count of Third and Fourth Special Defenses
In the third count of the third and fourth special defenses, the defendants allege that the injuries and death of decedents Stevens/Gallo, and any other loss or damage to her/his estate, were caused by the carelessness and negligence of decedents Stevens/Gallo at said time and place in one or more of the following ways:
 1. in that he/she participated and joined with the operator of the subject vehicle in the consumption of alcohol, and he/she encouraged, facilitated and aided the operator of the subject vehicle in becoming intoxicated, impaired and/or otherwise influenced by the consumption of alcohol;
 2. in that he/she purchased alcoholic beverages or made false statements for the purpose of procuring alcoholic beverages in violation of Connecticut General Statutes Section 30-89 (a);
 3. in that he/she possessed alcoholic beverages on a street or highway in violation of Connecticut General Statutes Section 30-89 (b);
 4. in that he/she induced minors to purchase alcoholic beverages in violation of Connecticut General Statutes Section 30-87;
 5. in that he/she failed to exercise reasonable care for his/her own safety at said time and place.
The plaintiffs argue that this defense is actually a "participation defense" which may more appropriately be CT Page 230 characterized as an assumption of the risk defense. According to the plaintiffs, although a majority of courts have allowed this participation defense in dram shop actions brought pursuant to General Statutes Section 30-102, it has no application outside of dram shop actions. However, the factors relevant to assumption of the risk may be pleaded as part of a comparative negligence defense. See Wendland v. Ridgefield Construction Services, Inc., 190 Conn. 791, 798 (1983); Orr v. Maheux, 3 CTLR 110 (January 21, 1991, Aronson, J.).
However, the allegations of the third count of the third and fourth special defenses do not allege facts which sufficiently raise a comparative negligence defense under the cases previously cited. For example, there is no allegation that the plaintiffs' decedents knew that the operator of the vehicle was intoxicated at the time that they entered the car, or that the accident resulted from the failure of the operator to operate the vehicle with care because of the operator's intoxicated condition.
Therefore, the motion to strike the third count of the third and fourth special defenses is granted.
C. Fourth Count of Third and Fourth Special Defenses
In the fourth count of the third and fourth special, defenses, the defendants allege that the plaintiffs' decedents were contributorily negligent:
 1. in that he/she participated and joined with the occupants of the subject vehicle in the consumption of alcohol, and he/she encouraged, facilitated and aided all of the occupants of the subject vehicle in becoming intoxicated, impaired and/or otherwise influenced by the consumption of alcohol;
 2. in that he/she purchased alcoholic beverages or made false statements for the purpose of procuring alcoholic beverages in violation of Connecticut General Statutes Section 30-89 (a);
 3. in that he/she possessed alcoholic beverages on a street or highway in violation of Connecticut General Statutes Section 30-89 (b);
 4. in that he/she induced minors to purchase alcoholic beverages in violation of Connecticut General Statutes Section 30-87;
5. in that he/she failed to exercise reasonable care CT Page 231 for his/her own safety at said time and place.
The plaintiffs move to strike this special defense in its entirety on the ground that, pursuant to Dennison v. Klotz,12 Conn. App. 570, 583 (1987), with limited exceptions, a passenger in an automobile does not owe a legal duty to take action to prevent harm to a fellow passenger who is about to be or has been injured by the conduct of the driver of the car. The plaintiff's reliance on the Dennison case is misplaced. The allegations present in the fourth count of the third and fourth special defenses refer to the duty of the plaintiffs' decedents to exercise reasonable care for their own safety, not the safety of a fellow passenger. As such, the Dennison case is not applicable.
The specific allegations of the fourth count of the third and fourth special defenses are very similar to the allegations present in the third count, discussed above. The primary difference is that in the third count, the defendant alleges that the plaintiffs were negligent in joining with and encouraging the operator of the vehicle in becoming intoxicated, while in the fourth count, it is alleged that the plaintiffs were negligent in joining with the occupants and encouraging all of the occupants in becoming intoxicated. "All of the occupants of the subject vehicle" includes the operator of the vehicle. Therefore, the fourth count of the third and fourth special defenses is duplicative of the third count.
For reasons stated with regard to the third count of the third and fourth special defenses, the motion to strike the fourth count of the third and fourth special defenses is granted.
D. Subparagraphs 4, 5 and 6 of the First Count of the Third and Fourth Special Defenses and Subparagraphs 2, 3 and 4 of the Second, Third and Fourth Counts of the Third and Fourth Special Defenses
The plaintiffs move to strike the above-referenced subparagraphs, which are identical in each count. These subparagraphs allege contributory negligence by the plaintiffs' decedents:
 4. in that he/she purchased alcoholic beverages or made false statements for the purpose of procuring alcoholic beverages in violation of Connecticut General Statutes Section 30-89 (a);
 5. in that he/she possessed alcoholic beverages on a street or highway in violation of Connecticut General CT Page 232 Statutes Section 30-89 (b);
 6. in that he/she induced minors to purchase alcoholic beverages in violation of Connecticut General Statutes Section 30-87.
According to the plaintiffs, the defendants fail to allege in these subparagraphs that all the above actions were in some way the proximate causes of the accident and the death of the plaintiffs' decedents.
An individual paragraph contained in a complaint or special defense is not the proper subject of a motion to strike unless it embodies an entire cause of action. Depray v. St. Francis Hospital, 2 CSCR 691 (July 13, 1987, Dorsey, J.); see Donovan v. Davis, 85 Conn. 394, 397 (1912).
Although each of these subparagraphs alleges a separate statutory violation, an entire defense is not attempted to be stated in any of the subparagraphs. Rather, the subparagraphs are all prefaced by the following language: "The injuries and death of (the plaintiff's decedent), and any other loss or damage to his (or her) estate as alleged by the plaintiff in her complaint, were caused by the carelessness and negligence of the plaintiff's decedent) at said time and place in one or more of the following ways." Specific allegations of negligence are listed in each subparagraph under this preface, including the three subparagraphs now at issue.
Since these subparagraphs do not embody an entire defense, but rather are included with numerous other allegations of negligence, the motion to strike is denied as to these subparagraphs.
III. Fifth Special Defense
The plaintiffs move to strike the fifth special defense, which is addressed to the second and fourth counts of the complaint. (Although the pleading refers to the fifth count, it is assumed that he defendant intended to refer to the fourth count.) This special defense alleges:
 1. At all times mentioned in the plaintiffs' complaint, the defendants were in the performance of a governmental function consisting of the maintenance and repair of its municipal highways and bridges, including barricades, lighting and traffic control signals.
 2. At all times mentioned in the plaintiffs' complaint, the defendants were performing discretionary CT Page 233 acts to, among other things, maintain and repair its municipal highways and bridges.
 3. At all times mentioned in the plaintiffs' complaint, the defendants were acting in good faith, in the exercise of honest judgment and not maliciously or wantonly or in abuse of its discretion.
 4. Wherefore, the plaintiffs' cause of action against the defendants of barred by the doctrine of governmental immunity.
Governmental immunity was properly pleaded as a special defense. See Gauvin v. New Haven, 187 Conn. 180, 184 (1982).
The law is clear that, at common law, a municipality was generally immune from liability for its tortious acts, but its employees faced the dame personal tort liability a private individuals. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,165 (1988). However, a municipal employee is immune from liability for the performance of discretionary acts as distinguished from ministerial acts. Evon v. Andrews, 211 Conn. 501,505 (1989). "the word `ministerial' `refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion.'" Fraser v. Henninger, 173 Conn. 52,60 (1977). Whether the acts complained or were discretionary or ministerial is a factual question which depends upon the nature of the act complained of Gauvin v. New Haven, supra, 186.
The plaintiffs argue in their motion that the allegations in their complaint sufficiently describe ministerial misperformance by the defendants. There are ten allegations of negligence by individual municipal employees in the second and fourth counts of the complaint. Five of the allegations in the plaintiffs' complaint cite to violations of traffic regulations in that the defendants did not erect proper signs and reflectors and did not properly close the road leading to the Mill River drawbridge as prescribed by law. The remaining allegations refer to the lack of proper inspection and general failure by the defendants to ensure the safety of the area.
The defendants argue that the negligence allegations against them unequivocally involve discretionary acts. The defendants have also alleged in their special defense that, at the time of the incident in question, they were performing I discretionary acts, including the maintenance and repair of municipal highways and bridges.
Simply because a violation of a state regulation is cited does not necessarily mean that the defendants were performing a CT Page 234 ministerial duty. See Evon v. Andrews, supra, 506-7. Since the distinction between discretionary and ministerial acts raises questions of fact for the fact-finder, it does not lend itself to resolution by a motion to strike. Hixson v. Hartford,6 CSCR 498 (May 28, 1991, Maloney, J.), citing Tango v. New Haven,173 Conn. 203, 205-6 (1977).
The plaintiffs argue, however, that even if the municipal employees were performing discretionary acts, they fall within one of the three exceptions under which liability may attach even though the act was discretionary, noted in Evon v. Andrews, supra at 505:
 The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; see, e.g., Sestito v. Groton, 178 Conn. 520, 528, 423 A.2d 165
(1979); second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; see, e.g., General Statutes Section 7-108
creating municipal liability for damage done by mobs; and third, there the alleged acts involve malice, wantonness or intent to injure, rather than negligence. See, e.g., Stiebitz v. Mahoney, 144 Conn. 443, 448-49, 134 A.2d 71 (1957).
The plaintiffs argue that their decedents fall within the first of these exceptions. According to the plaintiffs, as travelers on that portion of Chapel Street in New Haven, they clearly fall within that class of foreseeable members of the public subject to imminent harm to which the defendants owed a duty.
"The `discrete person/imminent harm' exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state." Evon v. Andrews, supra, 507. In Evon, the court held that "(t)he class of possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of `identifiable persons' within the meaning of Shore v. Stonington, (187 Conn. 147 (1982))." Id., 508. "The adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society." Shore v. CT Page 235 Stonington, supra, 157.
Based on the foregoing, the court finds that the plaintiffs I were not readily identifiable persons subject to imminent harm and, therefore, do not fall within the "discrete person/imminent harm" exception to the general rule of governmental immunity. Accordingly, the motion to strike the fifth special defense denied.
IV. Defendants' Counterclaims for Indemnification and Contribution
A. Indemnification
The defendants have brought indemnification claims against the plaintiffs that are grounded upon the theory of active/passive negligence. In order to successfully plead I active/passive negligence, the party must allege facts sufficient to prove the following: (1) the other party was negligent; (2) the other party's negligence, rather than the negligence of the party seeking indemnification, was the direct and immediate cause of the injury; (3) the other party was in exclusive control of the situation; (4) the party seeking indemnification did not know of the other party's negligence, had no reason to anticipate it and could reasonably rely on the other party not to be negligent. Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74 (1990); Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 416 (1965). In Atkinson v. Berloni, 23 Conn. App. 325, 327 (1990), the Appellate Court added a fifth element to an active/passive claim: an independant legal relationship between the indemnitor and the indemnitee giving rise to a special duty.
In the present case, the claims for indemnification contain no allegation that the decedents owed the defendants a duty based on a independant legal relationship between the parties as required by the Atkinson case. Therefore, the motion to strike defendants' counterclaim for indemnification is granted.
B. Contribution
Finally, the plaintiffs have moved to strike the defendants' claim for contribution against the plaintiffs.
At common law, Connecticut did not recognize contribution among joint tortfeasors. See Gomeau v. Forrest, 176 Conn. 523,524 (1979). Under Tort Reform II, contribution is recognized in certain circumstances. General Statutes Section 52-572h(g)(1) provides that; CT Page 236
 Upon motion by the claimant to open the judgment filed, after good faith efforts by the claimant to collect from a liable defendant, not later than one year after judgment becomes final . . . the court shall determine whether all or part of a defendant's proportionate share . . . is uncollectible from that party, and shall reallocate such uncollectible amount among the other defendants in accordance with the provisions of this subsection.
General Statutes Section 52-572h(h)(1) provides:
 A right of contribution exists in parties who, pursuant to subsection(g) of this section are required to pay more than their proportionate share of contribution shall be limited to the amount paid by such party in excess of such party's proportionate share of such judgment.
In Rondeau v. Ritenour, 1 RTLR 413, 414 (1990, Spear, J.), the court, interpreting the above provisions, stated that the right of contribution arises only after:
1. the claim has gone to final judgment,
 2. the claimant has failed to collect from one or more liable defendants after making good faith efforts to do so,
 3. claimant had moved to open the judgment within one year after it becames final for purposes of reallocation,
4. a reallocation is made by the court, and
 5. a defendant is actually required to pay an amount in excess of his share of the original judgment.
Based on the foregoing, the right of contribution attaches only after final judgment. The motion to strike defendants' counterclaim for contribution, therefore, is premature and is granted.
V. Conclusion
The motion to strike the first and second special defenses is granted.
The motion to strike the second count of the third and fourth special defenses is denied. CT Page 237
The motion to strike the third count of the third and fourth special defenses is granted.
The motion to strike the fourth count of the third and fourth special defenses is granted.
The motion to strike subparagraphs 4, 5 and 6 of the first count of the third and fourth special defenses and subparagraphs 2, 3 and 4 of the second, third and fourth counts of the third and fourth special defenses is denied.
The motion to strike the fifth special defense is denied.
The motion to strike defendant's counterclaim for indemnification is granted.
The motion to strike defendants' counterclaim for contribution is granted.
HENDEL, J.