[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
The plaintiff partnership has moved to strike the first, second and third counts of the defendant's counterclaim because each fails to state a claim upon which relief could be granted. The plaintiff claims that these counts are all based on an alleged benefit accruing from an illegal wagering of legal fees which would be unenforceable under General statutes Section 52-533.
The defendant has designated the first count of the counterclaim in breach of contract; the second count in fraudulent misrepresentation; and, the third count claims a CUTPA violation because the plaintiff's misrepresentation was a deceptive act.
Essentially, the defendant asserts that, in 1982 and through 1988, he agreed to engage the plaintiff firm to CT Page 2608 represent him in a post judgment action for modification of his alimony payments, but only on the express guarantee or a positive outcome for the defendant, specifically that the alimony order which would result from the contested modification action would not be greater than $2,500.00 per month. Relying on this representation, the defendant claims he engaged the plaintiff firm to represent him and to contest the modification application.
Before the modification hearing, the defendant asserts he had been paying to his former wife the sum of $8,000.00 per year as alimony. As a result of the hearing, the order was increased to $42,000.00 per year, or $3,500.00 per month.
The defendant alleges that the representation of the plaintiff was false and misleading and alleges that he relied on these representations to his detriment.
Hence, the claims of breach of contract, fraudulent misrepresentation, and the CUTPA violation.
Paragraphs 8 and 9 of each of the counterclaim counts read:
 8. Sometime in 1984 or 1985, a more specific date being unknown, Charles T. Busek for the plaintiff, orally and impliedly, advised the defendant, by remaining silent to the defendant's question to the plaintiff as to whether the plaintiff was willing to bet his legal fees on the plaintiff's express oral assurances that said alimony obligations couldn't be more than $2,500.00 per month, that he was wagering his legal fees against his promised success, that is, an outcome of less than $2,500.00 per month in alimony obligation to be paid by Mr. Greene to his former wife.
 9. Said wagering of legal fees is an act of betting a legal fee on the outcome, which act is acquiring a proprietary interest in the course of action, a prohibited action. [See Rules of Professional Conduct: Rule 1.8(j)].
The plaintiff cites General Statutes Section 52-553 to the effect that "all wagers, and all contracts and securities whereof the whole or any part of the consideration is money or other valuable thing, won, laid or bet, . . . shall be void, . . .". The plaintiff also notes that the common law in this state, as interpreted by our Supreme Court as early as 1842, is that such wagers are illegal and no action would lie to recover the wager. Wheeler v. Spencer, 48 Conn. 28, 30 (1842). CT Page 2609
In determining the issues raised under a motion to strike, the court is limited to the grounds specified. Cyr v. Brookfield, 153 Conn. 261, 263, 2116 A.2d 188 (1965). Here, the grounds are that these counts allege a wager of legal fees against a future result and such wager is void at common law and by statute.
However, if the paragraphs alleging these wagers were removed from consideration — for example pursuant to a request to revise — the remaining allegations of these counts still allege that the plaintiff promised the defendant limited financial exposure and then breached that promise or fraudulently induced the defendant to engage the plaintiff's service on the basis of such representation. Since (whatever the sufficiency or plausibility of such a claim) the plaintiff has not attacked the sufficiency of the balance of the allegations in these counts to sustain a cause of action, the court need not consider their sufficiency but may assume the allegations as true. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528,530 n. 2, 461 A.2d 1369 (1983). If the motion attacks an entire pleading, it will fail if any part of the pleading is legally sufficient. Grier v. West Haven Police Department,40 Conn. Sup. 221, 222, 487 A.2d 576 (1984).
While the questioned paragraphs have no place in an affirmative claim, these counts can survive this present motion to strike without them.
The motion is therefore denied.
NIGRO, JUDGE