[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an action to collect the balance of monies allegedly owed under a home improvement contract. In his revised complaint dated January 20, 1994, the plaintiff alleges the existence of a written contractual agreement with the defendant, and several work change orders, with respect to providing home improvement services at the defendant's residence. The plaintiff acknowledges that the defendant has paid $33,000 of the agreed contract price, and now seeks to recover the remaining $20,170 under the theory of breach of contract (count one), or alternatively, unjust enrichment (count two). The plaintiff, however, does not allege that his agreement with the defendant complied with the written contract requirements of General Statutes 20-419 et seq., the Home Improvement Act.
On February 7, 1994, the defendant filed a motion to strike the plaintiff's complaint for failure to state a claim upon which CT Page 3367 relief may be granted, claiming that the contract is unenforceable because the plaintiff failed to provide the defendant with notice of the "owner's cancellation rights" in accordance with the Home Improvement Act and the Home Solicitation Sales Act. On February 22, 1994 the plaintiff filed an objection to the defendant's motion to strike, claiming that the complaint does state a valid cause of action, and that the defendant's motion to strike is a fatally defective "speaking motion to strike" since extraneous material has been attached to the motion.
A motion to strike "challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Grounds for a motion to strike arise, inter alia, when any complaint fails to state a claim upon which relief can be granted. Practice Book 152(1); see Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "admits all facts well-pleaded"; Mingachos v. CBS, Inc., supra, 108; and if the facts provable under its allegations would support a cause of action, the motion to strike must fail. Id., 108-09. The court is required to "take the facts to be those alleged in the complaint, [and] `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). When a motion to strike challenges the entire pleading, as in the case at bar, it will fail if any part of the pleading is legally sufficient. See Grier v. West Haven Police Dept., 40 Conn. Sup. 221, 222, 487 A.2d 576 (1984, Hadden, J.).
The issue of a contractor's failure to comply with the requirements of the Home improvement Act may properly be raised by a motion to strike. See Liljedahl Brothers., Inc. v. Grigsby, supra.
General Statutes 20-418 et seq. provides the statutory requirements governing home improvement contracts. Specifically,20-429(a) provides that into home improvement contract shall be valid or enforceable against an owner unless it . . . contains a notice of the owners' cancellation rights in accordance with the provisions of the [Home Solicitation Sales Act, General Statutes42-134a et seq.]." General Statutes 20-429(a)(6); see Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn. App. 162, 167,604 A.2d 1339 (1992), affirmed on other grounds, 224 Conn. 240, 618 A.2d 506
(1992) ("[b]ecause the contract at issue did not contain the specific language required by General Statutes 20-429, the trial court therefore correctly determined that the notice provision was CT Page 3368 missing and that the contract was violative of the Home Improvement Act.") General Statutes 42-135a requires that home solicitation sales contracts contain specific language that consumers have three business days in which to cancel the contract. The plaintiff does not claim, nor does it appear from review of the home improvement contract attached to the plaintiff's complaint, that notice of the owner's cancellation rights was included as part of the contract. Pursuant to 20-429(a)(6), the contract is not valid or enforceable against the defendant. Accordingly, count one of the plaintiff's complaint fails to state a cause of action for which relief can be granted.
Regarding count two of the plaintiff's complaint, where a home improvement contract fails to comply with the Act's requirements, a home improvement contractor can not recover using "off-the-contract" theories such as quasi contract, quantum meruit, unjust enrichment or contract implied in law, absent proof of bad faith on the part of the homeowner. See Sidney v. DeVries, 215 Conn. 350,354, 575 A.2d 228 (1990); Liljedahl Brothers, Inc. v. Grigsby, supra, 350; A. Secondino Sons, Inc. v. LoRicco, 215 Conn. 336,340, 576 A.2d 464 (1990); Barrett Builders v. Miller, 215 Conn. 316,326-29, 576 A.2d 455 (1990). In the present action, there has been no allegation in the plaintiff's complaint of bad faith on the part of the defendant homeowner. The plaintiff's second count, unjust enrichment, is legally insufficient. Both counts of the plaintiff's complaint are legally insufficient on the face of the complaint. The defendant's motion to strike the plaintiff's complaint is granted.
JOHN WALSH, J.