[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Facts
By a three count amended complaint dated March 24, 1994, the plaintiff, Vernia Dantzler, administratrix for the estate of Robert Dantzler, Sr., brought suit against the City of New London, its fire chief, Ronald Samul, and battalion chiefs, Edward Hallisey, Edward Murphy, and Edward Samul ("defendants"). According to the facts as stated in the complaint, on February 2, 1993, fire broke out and destroyed the property of Robert Dantzler Sr., located at 91 Truman Street, New London. Robert Dantzler Sr. also lost his life in the fire.
Count one of the complaint states a claim of negligence against the defendants. Among other things, count one alleges that the defendants negligently and carelessly carried out their fire duties while responding to the house fire at 91 Truman Street, failed to maintain adequate personnel and apparatus to fight the fire, failed to keep a look out or inspect for persons in the house, and failed to establish the proper standards to govern matters such as personnel and equipment.
Count two alleges that the defendants negligently performed their fire duties as defined in Connecticut General Statutes § 7-314, and claims that the City of New London, under General Statutes § 7-308, is responsible for all sums of monies which the defendants may have to pay because of their negligence.
Count three states a claim in negligence against the City of New London asserting that it failed to properly supervise and monitor the actions of its fire department. The count alleges that the city failed to properly staff and fund the department.
By a motion dated August 9, 1994 and filed with the court on August 11, 1994, defendants moved to strike the entire complaint on the ground that the defendants are protected from suit under the doctrine of governmental immunity. They claim that the acts or omissions complained of were all discretionary matters pertaining to a public duty.
In opposition to the motion to strike, plaintiff asserts that the acts alleged are ministerial in nature. Further, the plaintiff asserts that count two states a cause of action under General Statutes § 7-308 which specifically provides that governmental immunity shall not be a defense to an action brought under that statute. Both parties have submitted timely briefs in CT Page 2547-CC support of their respective positions.
Discussion
In a case where the trial court found that the government's actions were protected from suit by the doctrine of governmental immunity, the Connecticut Supreme court held that "[a] trial court correctly determined that the complaint failed to state a cause of action," and that the granting of a motion to strike is proper. Hiegl v. Board of Education, 218 Conn. 1, 8-9,587 A.2d 423 (1991). When ruling on a motion to strike, "a trial court must take the facts to be those alleged in the complaint."Liljedah Bros., Inc. v. Grisby, 215 Conn. 345, 348, 576 A.2d 149
(1990). These facts must be construed in a light most favorable to the pleader. Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "If the motion attacks the entire pleading, it will fail if any part of the pleading is legally sufficient." Grier v. West Haven PoliceDept., 40 Conn. Sup. 221, 22, 487 A.2d 576 (1984).
"The [common law] doctrines that determine that tort liability of municipal employees are well established. . . . Although historically `[a] municipality itself was generally immune from liability for its tortious acts at common law . . . [municipal] employees faced the same personal tort liability as private individuals. . . .' Over the years, however, `[t]he doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. . . .' Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. . . . Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . In contrast, `[m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgement or discretion. (Citations omitted; internal quotations marks omitted.) Mulligan v. Rioux, 299 Conn. 716, 727,643 A.2d 1226 (1994). "Connecticut appellate courts have previously approved the practice of deciding the issue of governmental immunity as a matter of law." Kolaniak v. Board of Education,28 Conn. App. 277, 279, 610 A.2d 193 (1992).
Counts one and two of the complaint claim negligence on the part of the defendants for failure to properly staff, equip, and supervise the fire department that responded to the blaze at 91 CT Page 2547-DD Truman Street. Count one further alleges that the fireman did not properly inspect the premises to look for the possibility that someone might be inside.
The court finds that the matters alleged are not ministerial acts, but are acts of discretion by the City of New London and its fire personnel. Determining the manpower and equipment needed, and the use thereof, are certainly discretionary acts because they will undoubtedly depend on the availability of funding as well as the nature of the fire in question. "It is settled in this State that a municipal corporation is exercising a governmental function when maintaining and operating a fire department pursuant to legislative authority, and while in the exercise of that function is not liable for the negligent acts of its officers, agents, and servants. Under our rule, the principal of government immunity extends to the construction and maintenance of fire equipment as well as its use for fire protection. Brock-Hall Dairy Co. v. New Haven, 122 Conn. 321, 324189 A. 182 (1937). Plaintiff correctly points out that Brock-Hall, supra, predates General Statutes § 7-308 which states in part that "[e]ach municipality of this state . . . shall pay . . . all sums which such fireman becomes obligated to pay by reason of liability imposed upon such fireman by law for damages to person or property, if the fireman . . . was performing fire duties and if such occurrence . . . or damage was not the result of any wilful or wanton act of such fireman. . . ." This indemnification statute then goes on to state that, "[g]overnmental immunity shall not be a defense in any action brought under this section."
This statute is consistent with the 1937 holding in Brock-Hall. It comes into play if and only if the fireman is found to be liable for damages. In this case, the indemnification statute does not apply because the acts complained of are not ministerial, but discretionary. Thus the firemen and the City of New London are protected by the doctrine of governmental immunity and can not be found liable. Under General Statutes § 7-308, the City can not claim governmental immunity in an effort to avoid indemnification when liability is found to exist. Furthermore, General Statutes § 52-557n(a)(2) specifically states in part that, "[e]xcept as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: . . . (B) negligent acts or omissions which require the exercise of judgement or discretion as an official function of the authority expressly or CT Page 2547-EE impliedly granted by law."
Since this court has found that the acts complained of in counts one and two of the complaint are discretionary in nature, the firemen are also immune from suit under the above referenced statute.
Conclusion
For the above stated reasons, counts one, two, and three of plaintiff's complaint are hereby stricken for failure to state a claim for which relief can be granted.