[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Robert T. Geary has moved to strike subsection (i) of the first special defense and all of the third and fourth special defenses filed by the defendant George A. Tomasso Construction Corp. ("Tomasso"). The defendant Tomasso's memorandum in opposition to the motion to strike objects only to the motion to strike as directed to subsection (i) of the first special defense. There being no objection to the motion to strike insofar as it addresses the third and fourth special defenses, the motion is granted in those respects. Practice Book § 155.
The first special defense alleges that the plaintiff's injuries were caused by his own negligence. The examples of that alleged negligence are set forth in subparagraphs (a) through (j) of the defense. Subsection (i) alleges that the plaintiff, who was driving a motorcycle at the time of his injures, failed to wear a helmet to protect against the type of injuries which he suffered. The plaintiff contends that this subsection is legally insufficient because a motorcyclist has no duty to wear a helmet.
Practice Book § 152(5) provides for the filing of a motion to strike to contest the legal sufficiency of "any answer . . . or any part of that answer including any special defense contained therein . . ." A motion to strike may properly raise the issue of the legal sufficiency of a special defense to a cause of action.Nowak v. Nowak, 175 Conn. 112, 116 (1978). However, a motion to strike a special defense must fail "if the facts provable under its allegations would support a defense . . ." Mingachos v. CBS,Inc., 196 Conn. 91, 109 (1985). If the motion to strike attacks an entire pleading, it will fail if any part of the pleading is legally sufficient. Grier v. West Haven Police Department,40 Conn. Sup. 221, 222 (1984). CT Page 11282
The motion to strike which is before the court challenges only a single subparagraph of the first special defense. The motion must fail because facts provable under the remaining subparagraphs of the first special defense would establish a defense, irrespective of whether subsection (i) would do so. An individual paragraph contained in a complaint or special defense is not the proper subject of a motion to strike unless it embodies an entire cause of action or defense. Depray v. St.Francis Hospital, 2 CSCR 691 (July 13, 1987, Dorsey, J.);Stevens v. DiLieto, Superior Court, Judicial District of New London, Docket No. 515353 (January 24, 1992); see Donovan v.Davis, 85 Conn. 394, 397 (1912). In Stevens, Judge Hendel denied a motion to strike one subparagraph of a special defense alleging contributory negligence by the plaintiff because the specific allegation of negligence contained in that one subparagraph did not embody the entire defense. Likewise, subparagraph (i) of the first special defense does not embody an entire defense and accordingly, the motion to strike is denied.
VERTEFEUILLE, J.