[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 2, 1997
The plaintiff, Robert Jay, d/b/a Robert Jay Masonry and General Contracting, brought a two-count complaint against James Zahringer seeking recovery under an oral contract or, in the alternative. under quantum meruit. The amended complaint alleges that the parties made an oral agreement for the installation of a stone terrace and stone stairs leading to a swimming pool for a total cost of $16,328.80. The plaintiff alleges that the work has been completed, but the defendant has paid only $1,600.00.
The defendant moves to strike the entire complaint on the ground that it is legally insufficient because the plaintiff attempts to recover for home improvements allegedly rendered pursuant to an oral contract, in violation of the Home Improvement Act, General Statutes § 20-418 et seq., and, in addition, the plaintiff did not possess a current registration certificate.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint. . . to state a claim upon which relief can be granted." Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Id. A motion to strike "admits CT Page 3643 all facts well pleaded: it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings."Mingachos v. CBS, Inc., 196 Conn. 91. 108, 491 A.2d 398 (1985). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210,215, 618 A.2d 25 (1992). "If the motion attacks the entire pleading, it will fail if any part of the pleading is legally sufficient." Grier v. West Haven Police Dept., 40 Conn. Sup. 221,222, 487 A.2d 576, affd, 8 Conn. App. 142 (1984).
"A motion to strike may properly raise noncompliance with the Home Improvement Act where the allegations of the complaint show dispositively that a case is governed by the act and that the act's provisions have not been met." Qualx, Inc. v. Bryan,
Superior Court, judicial district of Litchfield, Docket No. 067264 (June 9, 1995, Pickett, J.): see also Liljedahl Brothers,Inc. v. Grigsby, 215 Conn. 345, 346, 575 A.2d 228 (1990) Mill WanMechanical Contractors v. Elliot, Superior Court, judicial district of Hartford, Docket No. 375971, 5 CONN. L. RPTR 544
(Jan. 30, 1992, Hennessey, J.).
The Home Improvement Act sets forth the statutory requirements governing home improvement contracts. General Statutes § 20-418 et seq. Under the act, a home improvement contract is defined as an "agreement between a contractor and an owner for the performance of a home improvement." § 20-419
(5). A contractor is defined as "any person who owns and operates a home improvement business or who undertakes, offers to undertake or agrees to perform any home improvement." §20-419 (4).
Section 20-429 (a) requires that for a home improvement contract to be valid or enforceable against an owner it must: (1) be in writing (2) be signed by the owner and contractor: (3) contain the entire agreement between the owner and contractor: (4) contain the date of the transaction: (5) contain the name and address of the contractor: (6) contain a notice of the owner's cancelation rights in accordance with Chapter 740 (Home Solicitation Sales Act): (7) contain a starting and completion date: and (8) be entered into by a registered contractor or salesman. CT Page 3644
The purpose of the Home Improvement Act is to protect consumers from the unfair trade practices of home contractors.Caulkins v. Petrillo, 200 Conn. 713, 720, 513, A.2d 43 (1986). The Supreme Court has repeatedly held that if there is no written contract or the written contract does not meet all the statutory requirements, there can be no recovery on the contract against an owner. Caulkins v. Petrillo, supra, 200 Conn. 713: BarrettBuilders v. Miller, 215 Conn. 316, 576 A.2d 455 (1990): A.Secondino Son, Inc. v. LoRicco, 215 Conn. 336, 576 A.2d 464
(1990); Liljedahl Brothers, Inc. v. Grigsby, supra,215 Conn. 345; Sidney v. DeVries, 215 Conn. 350, 576 A.2d 228 (1990). "Because the requirements of the HIA are mandatory and must be strictly construed," any violation of the HIA renders the contract unenforceable. Rizzo Pool Co. v. Del Grosso,232 Conn. 666, 680, 657 A.2d 1087 (1995).
At oral argument, the plaintiff conceded that the first count was legally insufficient because the oral contract does not comply with the requirements of the HIA. The plaintiff is, therefore, precluded from recovering under the contract.
The second count, however, seeks recovery under a theory of quantum meruit. Under this theory, the fact that he does not have an enforceable contract is not fatal. The issue is "whether the conduct of the defendant amounts to bad faith which precludes reliance upon the HIA as a defense to the action." Grasso Pavingv. Five Twenty-One Corp., Superior Court. judicial district of Stamford, Docket No. 120669, 7 CONN. 1,. RPTR. 484 (Oct. 14. 1992. Rush, J.).
There is no general exception to the HIA allowing for recovery in quasi contract. Barrett Builders v. Miller,215 Conn. 316, 322, 576 A.2d 455 (1990). In Barrett Builders, the Court rejected the analogy pressed on it with the Statute of Frauds, under which "a party whose agreement is unenforceable under the Statute of Frauds or because of indefiniteness is generally entitled to restitution." Id., 322. "Our conclusion in Caulkins
that the legislature `intended no exceptions' to the written contract requirement, even for restitution when a contractor has fully performed its obligations under the invalid agreement, thus applies with equal force to the plaintiff's claim for quasi contractual recovery in this case." Id.
There is an exception, however, when a plaintiff can show an CT Page 3645 unwarranted bad faith repudiation of a contract by the homeowner, in which case the plaintiff may recover in quantum meruit. Habetzv. Condon, 224 Conn. 231, 236-40, 618 A.2d 501 (1992). "[P]roof of bad faith on the part of the homeowner is an exception to what might otherwise be a harsh lesson to the home improvement contractor unable to recover due to a violation of the act. The central element giving rise to this exception is the recognition that to allow the homeowner who acted in bad faith to repudiate the contract and hide behind the act would be to allow him to benefit from his own wrong." Id., 237.
The "bad faith" exception requires a plaintiff to establish that the defendant is invoking the HIA as a basis for his repudiation of the contract in bad faith. Rizzo Pool Co. v. DelGrosso, supra, 232 Conn. 680. "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Bad faith means more than mere negligence: it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.) Habetz v. Condon, supra, 224 Conn. 237.
The second count contains an allegation of bad faith on the part of the defendant in that he fraudulently induced the plaintiff to provide his services by saying that he would "waive" the requirement that the contractor be registered in Connecticut. The plaintiff contractor is in effect claiming that the defendant waived the right to raise the HIA as a defense by explicitly waiving its requirements. In Wadia Enterprises, Inc. v.Hirshfeld, 224 Conn. 253, 618 A.2d 506 (1992), the plaintiff asserted that the defendants had waived the protection of the HIA by enforcing provisions of the contract and making payments pursuant to the contract. "Waiver is the intentional relinquishment of a known right . . . Waiver need not be express, `but may consist of acts or conduct from which a waiver may be implied . . . In other words waiver may be inferred from the circumstances if it is reasonable to do so.'" (Citations omitted.) Id., 252. The court then said "[a]ssuming that implied waiver may avoid the right to rely on the statute, in order to sustain such a claim, the plaintiff would . . . have to make a showing that the defendants knew of their right to invalidate the contract under the act before they could waive its protection."Id., 252. CT Page 3646
The plaintiff has alleged that he and the defendant discussed the fact that he was not registered in Connecticut as a home improvement contractor, and that the defendant agreed to have him do the work anyway. Viewing the allegations in the light most favorable to the plaintiff, it can be inferred from this that the parties were aware of the requirements of the HIA and the owners' right to invalidate the contract, and that he waived this right with full knowledge.
The allegations of bad faith in the second count are sufficient to withstand a motion to strike and to allow the plaintiff to seek recovery in quantum meruit.
The defendant's motion to strike is denied, because he has moved to strike the entire complaint, whereas count two is legally sufficient.
D'ANDREA, J.